In re Estate of Alvin C. Leighton.

McNett & McNett, Appellees, v. W. B. Bonnifield, Administrator, Appellee; James Leighton et al., Appellants.

Jaques, Tisdale & Jaques, Appellees, v. W. B. Bonnifield, Administrator, Appellee; James Leighton et al., Appellants.

No. 38704.

914

April 2, 1929.

Rehearing Denied September 22, 1930.

*Smith & Work* and *Gilmore & Moon*, for appellants.

*Seneca Cornell, McNett & McNett,* and *Jaques, Tisdale & Jaques,* for appellees.

Faville, J.—Alvin C. Leighton died testate on July 1, 1917, leaving an estate valued at approximately $200,000. On August 28, 1917, his widow, Mary T. Leighton, was appointed executrix and trustee, in accordance with the provisions of the will of the testator. She acted in such capacity until her death, November 11, 1924. On January 12, 1925, one Bonnifield was appointed administrator *de bonis non* with will annexed. The firm of McNett & McNett and the firm of Jaques, Tisdale & Jaques each filed claims in said estate for an allowance for attorney fees for services claimed to have been rendered for said estate, and as proper charges in the administration of its assets. The appellants are heirs at law of the testator, and are sole beneficiaries of the intestate property of said estate. They alone contest the claims of said attorneys.

It appears that the will of the said testator was a complicated document. An action was brought by the widow for the purpose of construing the said will. The appellants herein were made parties to said action, and appeared therein, and set up the claim that they were grandchildren of the said testator, being the children of one Henry Leighton, who, they contended, was the illegitimate son of the testator. Thereupon, by the consent of counsel, the question of the claimed heirship of the appellants

was tried as though it were a separate case. The trial occupied a considerable length of time, and involved the taking of a large amount of testimony. As a result of the trial of this question, it was determined that the appellants were the grandchildren of the said testator, and this being established, they became the beneficiaries of the intestate portion of his estate.

The suit for the construction of the will was afterwards tried out, and a decree entered therein. This action was appealed to this court, and the decree of the lower court was affirmed. *Leighton v. Leighton,* 193 Iowa 1299. Some two years after the death of the testator, the widow discovered a deed to certain valuable property in her tin box. Litigation arose over this deed, which subsequently came to this court, and the deed was upheld. *Leighton v. Leighton,* 196 Iowa 1191. Growing out of the changed condition of the estate by reason of the discovery of said deed, and because of some other matters, proceedings were instituted for the adjustment of the Federal inheritance tax. This entailed a hearing and the determination of said matter. The attorney fees claimed by the firm of McNett & McNett, in a general way, refer to services rendered in regard to four separate matters: (1) general services in the administration of the estate, drawing reports, counsel, etc.; (2) services rendered in connection with the suit for the construction of the will; (3) services rendered in the so-called heirship case; and (4) services rendered in the Federal tax case. The services of Jaques, Tisdale & Jaques were rendered only (1) in respect to the construction of the will case and (2) the heirship case.

I. It is contended that the court could not allow attorney fees direct to the claimants, but only as an allowance to the executrix, as part of the costs of administration. It is true that it  is quite the proper method of procedure for an administrator or executor to report to the court the services he has rendered, and, if he has employed counsel, to show the reason therefor and the services rendered and the amount claimed therefor, and that the amount to be allowed is determined on said report and allowed to the administrator or executor, rather than direct to the attorney. Such is the general rule. 6 Corpus Juris 734. Such was the rule in this state at one time. *In re Claim of Clark v. Sayre,* 122 Iowa 591 (1904). However, the

thirty-eighth general assembly, by Chapter 391, in 1919, provided for an allowance and taxation of an attorney's fee "as part of the costs of administration of estates." This statute, as amended, now appears in the Code of 1927, Sections 12064 and 12065. We think the statute was intended to modify the former general rule. In terms, the statute provides that allowances for actual, necessary, and extraordinary expenses or services may be made "to" attorneys of administrators or executors.

We hold that claimants were entitled to present their claims direct to the court, as claimants, and not necessarily through the channel of the report of the executrix.

II. It is contended that Sections 12064 and 12065 of the Code apply only to attorney fees for attorneys of administrators and executors, and not to attorneys for *trustees*. The statute does  not in terms include provision for attorney fees for an attorney who renders services for a trustee. Trustees are frequently appointed by deeds or other instruments, and have no relation to estates of a decedent. Such trustees are frequently under the jurisdiction of a court of equity in the administration of the trust estate. In the instant case, the widow was appointed executrix and trustee under the will. The services were all rendered in connection with the administration of the estate in the probate court, and not as a distinct matter pertaining only to the trust estate.

We think the fees claimed are within the purview of the statute, under the facts of this case.

III. In regard to the services rendered in the general administration of the estate, no serious contention is made as to the amount allowed or the liability of the estate for the fees claimed. The allowance was proper, and it is approved.

IV. The services rendered in the three cases, (1) the construction case, (2) the heirship case, and (3) the Federal tax case, were all in the nature of extraordinary services, which,  under proper conditions, may be allowed, under Code Section 12065. With respect to the first two of these, in which both claiming firms were employed, it is contended that it was not necessary or proper to employ *two* firms to carry on the litigation, and thus increase the expense.

There is no suggestion of any ulterior or improper motive on the part of either the executrix or the attorneys in connection with said matter. The facts are that Mr. William McNett, who, we understand, had been counsel for Leighton in his life, was employed by the widow, acting upon advice given her by her late husband. Mr. Mc-Nett became ill, and the widow employed Judge Tisdale, of the firm of Jaques, Tisdale & Jaques, to assist in the litigation. No suggestion is, or could be, raised as to the competency or ability of the members of the respective firms. The amount involved was large. The questions involved in the heirship case required an extensive examination of witnesses, some of them in distant parts. The construction case involved a most complex and cumbersome document. The opposing counsel were attorneys of prominence and ability. The executrix acted in good faith. The trial court approved of her action in employing both firms in said two cases, and we are not disposed to dissent therefrom, upon the record, as to the services required and rendered.

V. It is contended that no attorney fees should be allowed for services in the appeal of the will construction case. It is virtually conceded that the attorney fees were properly allowed for services rendered in the trial of said case in the *nisi prius* court. In any event, we so hold. It is contended, however, that the executrix was not required to appeal the case to this court and seek to reverse the order of the trial court in the matter of construction of the will, and that it was not proper for her to do so and incur expenses for attorney fees for which the estate could be held liable. It may well be said that the executrix, having brought an action for the construction of the will, and having obtained an order of court construing the same, was not bound to appeal from such order. Certainly the executrix would be fully protected in administering the estate in conformity with the order of the court construing the will. Likewise, it might have been proper for the executrix, as an officer of the court, to apply to the court for an order authorizing and directing the executrix to prosecute an appeal.

In this case, the executrix prosecuted an appeal to this court

918

from the order of the trial court construing the will, and the order of the trial court was affirmed. Under such circumstances, should an attorney fee be allowed for the services rendered on said appeal? Again we are confronted with a question of good faith. The executrix was acting for all parties interested in the estate in seeking a true and correct construction of the will of the testator. The case presented a very difficult and perplexing problem. The construction of the will was a most difficult task. The trial court, the late Justice Vermilion of this court, had spent much time and study upon it. Eminent counsel advised the executrix that it was desirable to have the opinion of this court on the matter of the proper construction of the will. The appeal was by no means frivolous. The question of the right of the executrix to appeal said case was raised in this court. In respect thereto we said (*Leighton v. Leighton,* 193 Iowa 1299):

"It is contended by appellees, or cross-appellants Alvin, Joseph, James, and Emily Leighton, that the plaintiff has no right to appeal from the decree construing the will, because, as executrix, she stands indifferent as between and among the various parties claiming under the will; and that, having renounced all provisions of the will in her behalf, and having recorded her election, she has no interest in the decree, for the reason that her interest and estate are in no manner affected thereby. Cases from other jurisdictions are cited. Without reviewing the cases cited, we think they are distinguishable, on both the statutes and the decisions, from the decisions and statutes of Iowa. The widow personally is not appealing. She appeals as executrix and trustee. In the view we have taken of the case, we feel that we should not be justified in discussing this matter at any length. The executrix and trustee represents all parties, and we think she has a right to maintain the appeal. Without reviewing the cases, the following may be cited, as sustaining our conclusion: *In re Estate of Bagger,* 78 Iowa 171, 174; *Ryan v. Hutchinson,* 161 Iowa 575, 584; *In re Paulson's Will,* 127 Wis. 612 (107 N. W. 484); *Ruch v. Biery,* 110 Ind. 444 (11 N. E. 312, 314)."

If the executrix had a right to maintain the appeal, and the circumstances were such as to convince the court that the case was a proper one to be appealed, and there was no claim of a

want of good faith, we think it was proper to allow a reasonable attorney fee for services rendered in said appeal. The amount allowed by the trial court for attorney fees for services rendered in the appeal of the construction case was not unreasonable, and the order as to this is approved.

VI. With regard to the so-called heirship case, a more difficult question is presented. The widow had elected to take her allowance under the statute, and not under the will of the testator. She was, however, executrix and trustee  under the will. The appellants herein claimed to own all of the intestate property of said decedent, on the ground that they were grandchildren of the testator, being the sole direct heirs at law of one Henry Leighton, who, they contended, was the illegitimate son of the decedent. The question at this point is as to whether or not the appellees are entitled to establish their claim for attorney fees rendered at the instance of the executrix and trustee in contesting the claims of the appellants, who sought to establish their heirship. The widow had elected to take her share under the law, and not under the will. It appears in the record that, for sentimental reasons largely, the widow was desirous of defeating the claim of the appellants. She and her husband had been married for something like 40 years, and she had a personal desire to exonerate her husband's name from what she felt to be a false claim of heirship through an alleged illegitimacy. But her personal sentiment and desire did not give her a right to charge the estate with attorney fees for contesting said case. The appellants, having been successful in establishing that they are the sole direct heirs of the testator, and as such entitled to the entire proceeds of the intestate estate, are placed in the somewhat anomalous situation, under the order of the court, of being compelled to pay for the services of attorneys employed by the executrix in an endeavor to defeat the appellants out of what it now appears are their legal rights in the estate. The decree establishing their heirship gives them the right to the intestate proceeds of the estate of the decedent. The charge for the fees of attorneys employed by the executrix and trustee in resisting the claims of the appellants will, it appears, be paid out of the intestate estate, and not from specific bequests. Under such circumstances, are the fees of counsel em-

ployed by the executrix and trustee to resist the claims of the appellants in the heirship case proper charges against the estate of the decedent? It appears from the record that there were certain other heirs of the testator's contesting with appellants as to the right of appellants to share in the estate as heirs of the testator. The ultimate question was solely whether or not the appellants were heirs at law of the testator. If they were such heirs, then they would take the intestate property, to the exclusion of other heirs. It was these other heirs who were interested in defeating appellants' claim to heirship. These heirs appeared by counsel, and contested appellants' claim. In effect, the executrix and trustee joined with said heirs in making such contest. The appellants won. Should they now be compelled to pay the attorney fees of attorneys employed by the executrix and trustee, under such conditions, to contest their claim? Upon the face of the matter, to so require appears to be unfair and unjust.

The executrix and trustee insists that the so-called heirship case was really a part of the construction case; that appellants were made parties to said case; and that only by agreement was the heirship question tried as a separate issue. It is contended that our pronouncement in the appeal of the construction case, which we have quoted supra, is determinative of the question of the right of the executrix and trustee to employ counsel for all purposes connected with the construction case, which would include the heirship case, which was only one branch of said case.

It is true that, for some reason, the executrix and trustee made the appellants parties to the construction case, denying, however, their right to participate in the estate. The appellants set up their claim to heirship. Other heirs contested their claim. A separate and distinct issue was here presented. The real question, however, was between the two classes of claimants, contesting as between themselves as to which class was entitled to the intestate property. From a strictly legal standpoint, it was a matter of no concern to the executrix and trustee which class of claimants was successful. Suppose the executrix and trustee had believed appellants' claim to be valid, could she have joined with the appellants to aid in establishing their claim and employed attorneys at the expense of the estate to do so?

Each of said contestants was represented by counsel. The

fact that the heirship case grew out of the construction case, which was commenced by the executrix and trustee, did not, of itself, under the situation as shown by the record, make it proper for the executrix and trustee to employ counsel at the expense of the estate, to try the contest between such adverse claimants on the question of heirship. Again, it is contended that the executrix and trustee properly employed counsel at the expense of the estate to contest said matter of heirship, because it was necessary for the executrix and trustee to ascertain by judicial determination to whom distribution of the estate should be made. In a broad sense, this is true; but in the situation that developed in this case, there were merely two opposing claimants, contesting for a certain share of the estate. All that was required of the executrix and trustee was to make distribution to the proper parties when it was legally determined who were entitled to the funds. But this did not authorize the executrix and trustee to take sides with one claimant as against another, to determine the title to the fund, and to charge the estate with the expense of such contest.

The rule governing such a situation has been recognized by us. In *Fleming v. Casady*, 202 Iowa 1094, we said:

"A trustee has no authority to employ counsel at the expense of the estate to represent the interest of one beneficiary, in hostility to that of another. To permit him to do so would be to allow the trustee to pay from the property of one litigant the counsel fees of his opponent. *Stull v. Harvey*, 112 Va. 816 (72 S. E. 701); *Taylor v. Denny*, 118 Md. 124 (84 Atl. 369)."

In *In re Estate of Colburn*, 186 Iowa 590, we said:

"The administrator, as such, was indifferent between the parties. It was a matter of indifference to him, in so far as the estate was concerned, what the shares of each should be adjudged to be. The contest was between the heirs, and in no sense against the administrator in his official capacity. In such a case, the expenses incurred by the parties should not be shouldered onto the estate."

In *In re Estate of Berry*, 154 Iowa 301, we said:

"There is nothing in this provision of the statute which

makes the allowance of attorney's fees obligatory upon the court, even in favor of an executor. Where attorney's fees have been allowed, it has been upon the theory that they were incurred, not for the personal benefit of the executor, but in the performance of his duty to the estate as a whole. Where the contest is narrowed down to one of personal interest as between proponent and contestant, attorney's fees have not usually been allowed.''

In *In re Estate of Smith,* 165 Iowa 614, we said:

''To burden the widow's share with expenses incurred, not for the benefit of the entire estate, in which she had some interest, but for the sole advantage and in the interest of others, would be contrary to the spirit of fairness which always ought to obtain in dealing with and distributing the property of deceased persons in this state. No part of the expenses of the contest should be deducted from the widow's share.''

In *In re Estate of McClellan,* 192 Iowa 384, we said:

''It is the general rule that, where the beneficiaries of an estate become involved in controversy, as between themselves, over the distribution of the estate, and are represented in court by their own respective counsel, such controversy will be deemed personal, as between them, and each will be responsible to his own attorney, and neither will be chargeable for the expenses of the attorney of the other. This rule is often applied in partition cases, and forbids the charging of plaintiff's attorneys' fees against the common estate, where the defendants are defending against the allegations of plaintiff's petition, and are represented by their own chosen counsel. In such a case, an administrator, executor, or trustee is in a position somewhat analogous to that of him who interpleads the contending beneficiaries of a fund in his hands and permits them to prosecute the contest to an adjudication binding upon all. He is not required, as a matter of duty, to join himself to the contention of one party or the other. The nature of the issue, as between the widow and sole heir, on the appeal referred to, was such that the administratrix, as such, had no further duty than to let the beneficiaries contend at their own expense, and to abide by the result of their litigation.''

See, also, as bearing on the question in a general way, *In re*

*Estate of Dalton,* 183 Iowa 1013; *In re Nicholson's Will,* 123 Iowa 630; *Hastings v. Rathbone,* 194 Iowa 177.

Applying this general rule to the instant case, we conclude that the allowance for attorney fees for the services rendered in trying the contest between the heirs as to which set of heirs was entitled to the intestate property was not proper. The executrix was not called upon to take sides with either the appellants or the other heirs claiming the right to the intestate property. To charge the expense thereof to the estate, and thus compel appellants to pay for services rendered in a contest against them, would be obviously unfair.

VII. The claim of appellees for services rendered in the Federal tax case was properly allowed as an extraordinary service, taxable to the estate.

The order of the trial court will be reversed as to the item of attorneys' fees allowed for services rendered in the so-called heirship case, and in all other respects it is affirmed. The costs in this court will be taxed two thirds thereof to the appellants and one third thereof to the appellees.—*Affirmed in part; reversed in part.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.