IN RE ESTATE OF JOHN SWANSON.

JOHN A. SWANSON, JR., and MABEL JENSEN, Administrators, et al., Appellants, v. L. E. STOCKDALE et al., Appellees.

No. 47457.

(Reported in 38 N. W. 2d 652)

1012

AUGUST 5, 1949.

F. J. Kennedy, of Estherville, and Kelleher & Kelleher, of Fort Dodge, for appellants.

L. E. Linnan, of Algona, and Leo E. Fitzgibbons, of Estherville, for appellees.

MULRONEY, J.—The main question presented by this appeal is the right to an allowance of attorneys' fees to be paid from

deceased's estate for services rendered in propounding a will, preparing to defend it against a contest, and resisting a family-settlement agreement, in the trial court and supreme court. Both courts held the family-settlement agreement superseded the will. See In re Estate of Swanson, 239 Iowa 294, 31 N. W. 2d 385, which recites the history of this estate and which we will often refer to in the course of this opinion as the former appeal.

A short statement of the facts will suffice. The attorneys were employed by L. E. Stockdale and J. E. Stockdale who were nominated as executors in John Swanson's will. They were employed for the purpose of propounding the will for probate. After the will had been filed for probate objections were filed thereto by some of the heirs, and part of the attorneys' services were for preparing to defend this contest. But before trial of the will contest, the heirs and surviving spouse filed what they denominated a Family Settlement Agreement and asked that this agreement be held to supersede the will. The Stockdales, through their attorneys, resisted but the trial court, in an order dated April 23, 1947, upheld the family-settlement agreement and ruled that it superseded the will. The same order appointed a son and daughter of deceased as administrators of the estate. The Stockdales appealed to this court. While the appeal was pending the trial court made an ex parte allowance of attorneys' fees for the Stockdales' attorneys and the administrators appealed from this order. This court affirmed the order of April 23, 1947, and dismissed the administrators' appeal from the ex parte allowance of attorneys' fees. (See above citation.) After the decision in this court the trial court made the award to the attorneys representing the Stockdales in an order which was not ex parte and it is enough to state the issue as to such attorneys' fees is now properly before us. No question is raised as to the amount of the award, the administrators merely contending the trial court erred in making any allowance from the estate in favor of the attorneys. But the main argument of appellants is centered against the allowance of attorneys' fees for services performed subsequent to the filing of the family-settlement agreement.

I. In the former appeal of the Stockdales there was a motion in this court to dismiss the appeal by the administrators,

appointed after the family-settlement agreement was approved, on the ground that the Stockdales had no interest in the subject matter that entitled them to appeal. The argument then made by the administrators was somewhat similar to the argument now made, namely, that the only persons interested were the heirs and beneficiaries who were parties to the family-settlement agreement; that the Stockdales had no interest in the estate, of which they were deprived by the settlement agreement, save the possible right to be appointed executors if the will was admitted to probate; and the latter right was insufficient to constitute such an interest in the estate as to warrant their litigating as against all the heirs and beneficiaries.

We did not sustain the motion to dismiss, since we held for the administrators on the merits, but in the course of the opinion we observed, with respect to the rights and duties of nominated executors in a will, that:

"It was the duty of appellants [Stockdales], named as executors in the will and codicils, to offer them for probate and make all reasonable effort to sustain their validity * * *. In re Estate of Hayer, 233 Iowa 1343, 1350, 11 N. W. 2d 593, 597, and citations. We are not prepared to hold, in view of the duty which confronted appellants, they were required to accept the trial court's decision as final.

"One named as executor in a will may appeal from a judgment denying probate of it. 2 Am. Jur., Appeal and Error, section 193; In re Avery, 117 Conn. 201, 167 A. 544, 88 A. L. R. 1154, 1156, 1157, and annotation 1158, 1171. We are not convinced this general rule is not applicable here." (239 Iowa at page 304, 31 N. W. 2d page 391.)

In the foregoing opinion we also pointed out that the questions presented on the motion to dismiss the appeal and the merits of that case were "closely related" and we said the administrators were in no manner prejudiced by an affirmance "rather than a dismissal of the Stockdales' appeal." And we were careful to warn that nothing in the opinion was "intended to express any opinion on the question whether appellants' [Stockdales'] attorneys may be compensated from the estate for any

of their services." In view of our holding at that time where the administrators' appeal was from an ex parte order of allowance of attorneys' fees we said: "That question [the allowance of attorneys' fees] is not before us."

It can hardly be said that the foregoing expressions were even dicta supporting the Stockdales' contentions here, and much less that they constituted any adjudication or holding that is decisive of the attorney-fee issue now properly before us, or that they are binding upon us on the issue now before us on any theory of the law of the case. As bearing thereon see Mutual Orange Distributors v. Agricultural Prorate Comm., 9 Cir., Cal.; 30 F. Supp. 937; Smith v. Board of Education of Ludlow, 6 Cir., Ky., 111 F. 2d 573. They were general, and we feel correct, expressions of the legal principles that should govern on the abstract question of the rights and duties of nominated executors in a will, and especially their right to appeal—not their right to have their attorneys compensated from the estate. Contestants in any will contest may have a right to appeal, but a determination that they had that right would not always mean the estate should bear the expense of the appeal in the event of an affirmance. In re Estate of Hartman, 233 Iowa 405, 9 N. W. 2d 359. We were not blind to the fairly strong possibility of a second appeal on the attorney-fee issue which we were there refusing to review and we were careful to leave that question open, and the administrators' position on that issue unprejudiced by any language in the opinion. Without further reference to the quoted language of this opinion on the former appeal we will now proceed to examine the issue here presented as an original proposition.

II. We can dispose of the question of the right of the Stockdales' attorneys to attorneys' fees for services prior to the filing of the family-settlement agreement quickly. We said in In re Estate of Hayer, 233 Iowa 1343, 1350, 11 N. W. 2d 593, 597:

"It was the duty of Danielson, named as executor in the will, to offer the will for probate and to make all reasonable effort to sustain its validity when contested. McElfresh v. McElfresh, 186 Iowa 994, 173 N. W. 259; Meeker v. Meeker, 74 Iowa 352, 37 N. W. 773, 7 Am. St. Rep. 489; Blakely v. Cabelka,

207 Iowa 959, 221 N. W. 451. Except in case of bad faith, the costs thereof would not be taxable against the proponent in the event of failure but would be charged to the estate. In re Estate of Berry, 154 Iowa 301, 134 N. W. 867.

While there is authority to the contrary, we think the better rule is that the estate's burden for costs may, in the discretion of the trial court, include attorney's fees for the proponent's attorney. Such is the force of our holding in In re Estate of Berry, 154 Iowa 301, 304, 305, 134 N. W. 867, 868, where the question was as to the right of the proponent, who successfully defended a contest as to probate, "to charge up against the estate the reasonable expense incurred by her by way of attorney's fees in resisting the contest of the will." The trial court denied the attorney-fee claim in the Berry case and we affirmed on the ground that the contest was "essentially a personal contest between the widow [proponent] on the one hand and the heirs at law on the other." But the opinion recognizes that such attorney fees have been allowed where it was shown that "they were incurred, not for the personal benefit of the executor, but in the performance of his duty to the estate as a whole." There we stated that the effect of our previous decisions was "to leave something to the discretion of the trial court in the allowance or nonallowance of attorney's fees and such question is to be determined upon a consideration of the substantial facts and circumstances of the contest."

Here it cannot be said the proponents had a personal interest, or that they were acting in bad faith in offering the will for probate. Their action at the outset was in the performance of a duty owed to the estate and in the performance of that duty the services of an attorney were reasonably necessary. The reasonable expense of such an attorney was a legitimate item and as such included in the costs which the estate must bear for the proponents' offering of the will and reasonable efforts to sustain it and secure its probation. We think the attorneys' services for offering the will for probate and for preparing to resist a threatened contest fall within the rule of "reasonable effort" announced in the Hayer case and should be allowed.

III. We have more trouble with the items for the attorneys' services subsequent to the filing of the family-settle-

ment agreement. The facts of the case are somewhat out of the ordinary. The daughter, sons and their spouses, and the widow all signed the family-settlement agreement. They were all of the beneficiaries under the will except the grandchildren who were named as specific legatees and there was deposited with the clerk the amount of these specific legacies, together with $100 which the will provided was to go to a cemetery. It is difficult to understand what interest the named executors would have, after the filing of such a family-settlement agreement. But we are not disposed to hold that the proponents were bound to admit the genuineness or legality of the contract the moment it was filed. They could, in the furtherance of their duties, ask the trial court to pass on the contract to see if it superseded the will. We believe that the trial court could in his discretion allow items for attorneys' services in representing the proponents in the hearing in the district court which resulted in the order of April 23, 1947, upholding the family-settlement agreement, and setting aside the will and appointing the son and daughter administrators, and also for services in preparing for such hearing.

IV. With respect to the attorneys' services for representing the proponents in the former appeal to the supreme court, we feel the proponents had passed beyond the boundary of "reasonable effort" to sustain the will. As stated, there was arrayed against the proponents every person who took any beneficial interest in this estate. They argued on the former appeal that the family-settlement agreement distributed the deceased's property in the same manner as the will. We held it did not, but assume it did, why should the proponents, who took nothing under the will, complain? The only possible ground of complaint was that the distribution would be by the son and daughter named by the court as administrators instead of by the nominated executors. But this would not be an excuse for further litigation at the expense of the estate. If the will had been admitted to probate the court could have disregarded the nomination of the Stockdales. (See opinion on former appeal, 239 Iowa 294, 31 N. W. 2d 385.) The proponents were not serving any interest of the estate when, after the due execution

and legality of the agreement was upheld, they continued the litigation as against all who had a beneficial interest in the estate. If they served any interest it was a "personal interest", the type of interest that was the basis for the disallowance of a similar attorney-fee claim in In re Estate of Berry, supra. We hold that under the special facts of this case the items of attorneys' fees for services for all proceedings after the order of the trial court upholding the family-settlement agreement should not be payable from the estate assets.

V. As we go through the record in this case we are left in a little doubt as to the amount of the items for the various expenses and services performed by the attorneys for the proponents. We believe it will be fairer to all if we do not set down the items we approve, but leave it to the trial court to make an allowance from the estate funds for all services for proponents' attorneys, up to the order of April 23, 1947, approving the family-settlement agreement. The allowance is not to include any items for services in connection with the appointment of the special administrative officer, about which we will have more to say, or in fact any expense or services after the entry of the order referred to.

VI. In the course of the appeal in the former case the Stockdales secured a stay order staying all proceedings under the order of April 23, 1947, and put up a supersedeas bond. One branch of the present appeal is from the refusal of the trial court to enter judgment against the Stockdales and the surety upon the supersedeas bond for certain items of cost charged against the estate following the stay order. One such item is for the compensation of the Special Administrative Officer appointed by the court after the Stockdales perfected their appeal and stayed the order of April 23, 1947. We understand the argument here is that the appointment was necessary because the stay order barred the appointed administrators from administering the estate, and the stay order was obtained in connection with the Stockdales' former appeal and the supersedeas bond was to save the estate harmless from the consequences of taking said appeal. The record shows the supersedeas bond was filed May 17, 1947, and the stay order entered May 21, 1947.

The order appointing the special administrative officer was on November 20, 1947, and it specifically recites the appointment is necessary because "general administration is stayed and inactive due to the appeal now pending."

Rule 337(a), Rules of Civil Procedure, states that the condition of the supersedeas bond shall be to "perform the judgment if affirmed * * * and [pay] all costs and damages adjudged against him on the appeal, and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal."

The appellants point out that the appointment of the special administrative officer was upon the application of the Stockdales. That is not significant. It matters little who sought the appointment or the title given the appointee. He was a special administrator appointed under section 633.41, Code of 1946.

The question as to the liability of the Stockdales and the surety on their supersedeas bond, for the compensation of such special administrator, turns upon the interpretation and application of the last part of the quoted portion of Rule 337. Such compensation was not an item of costs or damages that has been "adjudged" against the Stockdales. If the item is within the undertaking of the bond it must be within the obligation to pay "all * * * damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal." In Stolar v. Turner, 238 Iowa 1168, 1174, 29 N. W. 2d 417, 419, we held there was included under the term "damage" the interest that accrued during the appeal from a simple money judgment. As used in the rule, the term "damage" means "loss." Assuming the word "property" would include a position or office, the argument would be that appellees. in the former appeal were deprived of their office or of performing services as administrators by the stay of the order of their appointment. But it cannot be said they suffered damage in the sense of loss during the pendency of the appeal for they performed no service during this period. Administrators, special or general, must serve the estate before they are entitled to any compensation.

If the argument be that the property of the estate suffered damage or loss in the amount of the special administrator's

compensation, which has now been paid by the administrators, the answer is that the record does not so show. All administrators, special or general, are to be allowed a reasonable compensation for the services they perform (section 638.23, Code of 1946) to be payable as expenses of administration. There is no clear showing that the compensation for special and general administrators will exceed a single allowance for full administration. Such special administrators are frequently appointed during appeals in will contests and we find no case where the expense or compensation of the appointee was held recoverable against the unsuccessful contestant or his surety on a supersedeas bond. We hold the court was right in refusing the administrators' application for judgment against the Stockdales and the surety on the supersedeas bond for the amount of the expense and compensation of the appointee called a "special administrative officer."

VII. After the decision of this court in the former appeal, procedendo in the usual form issued from the office of the clerk of this court stating that the case had been affirmed on the appeal of the appellants (the Stockdales) and the clerk's statement, taxing to appellants the costs in the supreme court in the amount of $122.75, accompanied the procedendo.

Upon this appeal the administrators appeal from the trial court's refusal to enter judgment against the Stockdales and the surety on the supersedeas bond for the above costs in the sum of $122.75. The administrators were clearly entitled to such summary judgment. No question is raised as to the amount or that the costs in the sum of $122.75 were not taxable costs on the former appeal. The clerk merely carried out the mandate of this court when he taxed them to the "unsuccessful party" in that appeal. Court Rule 23. No motion was made by the Stockdales in this court for any order for a different taxation of costs. They were costs "adjudged" against the Stockdales on that appeal and as such the administrators were entitled to summary judgment for the taxed costs against the Stockdales and the surety on their appeal bond.

VIII. We feel the trial court was right in refusing the administrators' motion for judgment against the Stockdales and

the surety on the supersedeas bond, filed in connection with the former appeal, for the amount of the attorneys' fees allowed by the court for the administrators'. attorneys for services performed in representing the estate in resistance to the former appeal of the Stockdales. We said in Wormely v. Mason City & Ft. D. Ry. Co., 120 Iowa 684, 685, 95 N. W. 203: ·

"As a general rule, attorney's fees are not awarded either as damages or as a part of the costs of a proceeding in court. * * * When taxed as costs, it is by reason of some special statutory provision. In order that they may be so taxed, the case must come clearly within the terms of the statute."

There is no statute which would warrant the inclusion. of such attorneys' fees of opposing counsel as a part of the costs. We hold the trial court was right in refusing the judgment for such fees.

IX. We have already held the proponents could have the fees for their attorneys for district court services charged to the estate up to the order that was appealed from in the former appeal. Consequently we hold the trial court was right in refusing to enter judgment against the Stockdales and the surety on the supersedeas bond for the costs taxed to the trial in the district court that resulted in said order.

The cause is remanded for judgment in conformity with this opinion. Further hearing may be had if the trial court deems such a hearing necessary in order to determine the amount of the attorneys' fees assessable to the estate under Division V of this opinion; the costs on this appeal to be assessed one half to appellants and one half to appellees.—Affirmed in part, reversed in part and remanded.

All JUSTICES concur except MANTZ, J., not sitting.