In the Matter of the ESTATE OF
Raymond Willie WULF,
Deceased,

Lucille Wulf, Appellant.

No. 93–1073.

Supreme Court of Iowa.

Dec. 21, 1994.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for appellant.

Mark J. Smith and Kyle D. Williamson of Wells, McNally & Bowman, Davenport, for appellees-executors.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This is a probate matter resulting from a challenge to a will brought by the decedent's spouse, Lucille Wulf. Lucille appealed the adverse portion of the trial court's decision on her challenge, and following our affirmance, the trial court awarded attorney's fees arising from the appeal incurred by the executor. Lucille now appeals the trial court's charge of the executor's extraordinary attorney fees solely against her share of the estate. We affirm in part and modify in part.

## I. Factual Background

Raymond Wulf died on December 12, 1986. His 1961 will provided that his estate be distributed to his first wife, Dorothy Wulf, if she survived him, and if she did not survive him, to Barry Darwood Simpson. Simpson and Bruce Shawver were named co-executors of Raymond's estate. The will did not mention Raymond's surviving spouse, Lucille, whom Raymond married after he executed the will.

Lucille elected to take against the will and seek her statutory share pursuant to Iowa Code section 633.238 (1987). She challenged the final report of the executors on three grounds. First, she asserted that the executors failed to set aside to her a one-third interest in all legal or equitable estates in real property Raymond possessed during the marriage. Second, she contended that she was entitled to an undivided one-half interest in the proceeds of a real estate contract she and Raymond executed during the marriage. Finally, she challenged executors' fees and attorneys' fees as being in excess of the maximum the law allows for the ordinary services of fiduciaries and attorneys.

On November 28, 1989, the district court ruled that Lucille was entitled to one-third of the value of the real estate in which Raymond held an equitable interest during the marriage but which Lucille did not release. This amounted to $16,500. The court held against Lucille on her second claim, however, and ruled that she relinquished her right to the real estate contract in question. Lastly, the court held that the executor and attorney fees were warranted since they were incurred as a result of a challenge to the will.

Lucille appealed to this court challenging only the district court's dismissal of her contract claim. *In re Estate of Wulf*, 471 N.W.2d 850, 851 (Iowa 1991). We affirmed the district court's decision. *Id.* at 853. The executors subsequently filed a "Second Amended Final Report" which asserted that Lucille's appeal to our court had resulted in the incurrence of extraordinary attorneys' fees. In this report, the executors requested that the court assess the entirety of these fees against Lucille's share of the estate.

Lucille objected to the second report and argued that the parties should each be responsible for their own fees because the contest over the distribution of the estate was personal between Simpson and herself. The executors requested $3,498.60 in appellate attorney fees and $400 in additional attorney fees to reopen the estate.

The trial court held in favor of the executors and ruled that the requested fees were fair and reasonable. The court also ordered that the costs be assessed solely against Lucille's share in the estate since she lost the appeal. The court reasoned that it would be unfair to charge any of the costs against Simpson's share because allowing a disappointed beneficiary to reduce another beneficiary's share simply because they were disappointed with the apportionment would provide the first beneficiary with unwarranted settlement leverage.

## II. Standard of Review

Whether the proceeding at issue was legal or equitable is determinative of our standard for reviewing this matter. Iowa R.App.P. 4.

Iowa Code section 633.33 (1993), "Nature of proceedings in probate," provides:

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Iowa Code section 633.3(8) defines "costs of administration" to include attorneys' and executors' fees. *See Estate of Bass v. Bass,* 196 N.W.2d 433, 435 (Iowa 1972).

■ A proceeding involving the costs of administration of an estate does not involve an action to set aside or contest a will, nor does it involve an action for the involuntary appointment of guardians and conservators. In addition, a proceeding involving the costs of estate administration is not one for the establishment of contested claims. *Id.; In re Estate of Cory,* 184 N.W.2d 693, 696 (Iowa 1971). It follows that hearings dealing with the costs of administration are equitable in nature and our review is therefore de novo. *Bass,* 196 N.W.2d at 435; *Cory,* 184 N.W.2d at 697.[1]

### III. Award of Extraordinary Attorney's Fees

Lucille argues that the trial court's assessment of extraordinary attorney's fees against the estate was improper because her challenge to the second amended report involved a personal dispute between herself and executor/beneficiary Simpson. She contends Simpson failed to show just cause to justify the award and did not demonstrate any special estate interest warranting the additional fees. The executors argue that they demonstrated just cause for the fee award because the dispute was not personal between Lucille and Simpson but rather involved the validation and clarification of the will in question. They assert that the dispute involved settling the question of what shares the individuals in question would take and their role as fiducia-

ries required them to act to finalize the distribution of the estate in accordance with the decision of the trial court.

■ Iowa Code section 633.199, "Expenses and extraordinary services," governs courts' award of extraordinary attorney fees in probate matters. Section 633.199 provides:

> Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses or services. Necessary and extraordinary services shall be construed to also include services in connection with real estate, tax matters, and litigated matters.

Whether an executor may legally obligate the estate for attorneys' fees depends on the peculiar circumstances of each individual case. *In re Estate of Law,* 253 Iowa 599, 602, 113 N.W.2d 233, 234 (1962). We accord the trial court considerable discretion in taxing executor attorney fees to estates. *In re Estate of Ohrt,* 516 N.W.2d 896, 902 (Iowa 1994).

■ We have noted that pronouncement of a precise test for the governance of this issue in all instances is not possible. *Law,* 253 Iowa at 602, 113 N.W.2d at 234. However, general factors guide our decision in this area. In order for an executor to persuade a court of the propriety of charging attorney's fees to the estate, the executor carries the burden of proving he or she acted in good faith and with just cause in engaging in the proceedings. Iowa Code § 633.315; *Law,* 253 Iowa at 602, 113 N.W.2d at 235.

■ In order for just cause to exist, the executor must demonstrate a special estate interest in the contest. *Law,* 253 Iowa at 602, 113 N.W.2d at 235. No just cause or substantial estate interest exist where a will contest is "narrowed down to one of personal interest only between proponents and contestants." *Id.,* 253 Iowa at 603, 113 N.W.2d at

---

1. We note that the enactment of Iowa Code section 633.33 (1966), *Cory* and *Bass* effectively overruled earlier cases to the extent they held that the proper standard for reviewing proceedings dealing with costs of administration was on assigned error. *See Cory,* 184 N.W.2d at 697.

These cases include: *In re Estate of Myers,* 238 Iowa 1103, 1106, 29 N.W.2d 426, 427 (1947); *In re Estate of Hale,* 231 Iowa 1018, 1024, 2 N.W.2d 775, 779 (1942); and *In re Estate of Dehner,* 230 Iowa 490, 491, 298 N.W. 656, 657 (1941).

235; *In re Estate of Leighton*, 210 Iowa 913, 919, 224 N.W. 543, 546 (1929); *In re Estate of Berry*, 154 Iowa 301, 305, 134 N.W. 867, 868 (1912); *see also Fleming v. Casady*, 202 Iowa 1094, 1104, 211 N.W. 488, 493 (1926).

■ In general, it may be said that an action benefits an estate if it involves increasing or preserving the size of the estate. *In re Estate of Prichard*, 416 N.W.2d 331, 333 (Mich.App.1987). An action may also benefit an estate if it determines or represents the decedent's desires and intentions as expressed in the will. *In re Estate of Trynin*, 252 Cal.Rptr. 787, 789 (Cal.Ct.App.1988). On the other hand, a contest is generally personal if it: (1) is driven by the "personal sentiment and desire" of the contestants; or (2) involves a personal contest between beneficiaries regarding division of a specific estate share when the size and preservation of the estate is not an issue. *See Leighton*, 210 Iowa at 919, 224 N.W. at 546.

We have reviewed numerous cases in this jurisdiction and in others on the issue of when a contest amounts to a "personal" contest. In order for a contest to be personal, it is not enough merely that an executor/beneficiary's share of the estate depend on the outcome of a challenge to the will. *Ohrt*, 516 N.W.2d at 902. Some personal interest other than or in addition to the interest a will grants to the executor must be at issue. *See id.* For example, in *In re Estate of Jenkins*, 245 Iowa 939, 941, 65 N.W.2d 92, 93 (1954), we held that the executor could not charge his attorney's fees against the estate where the decedent's heirs had challenged the will on the ground that the executor had exercised undue influence over the decedent to get the decedent to name him sole beneficiary. For further examples, see *In re Estate of Swanson*, 240 Iowa 1011, 38 N.W.2d 652 (1949) and *In re Estate of Smith*, 165 Iowa 614, 146 N.W. 836 (1914).

■ The law places on the executor the duty to offer a will for probate and to make all reasonable efforts to sustain its validity when contested. *In re Estate of Hayer*, 233 Iowa 1343, 1350, 11 N.W.2d 593, 597 (1943). In *Cory*, 184 N.W.2d at 698–99, we quoted with approval from *Law*, 253 Iowa at 604, 113 N.W.2d at 236, wherein the general principles are stated that we have referenced in this opinion. We concluded in *Cory* that the existence of just cause is a question of fact. *Cory*, 184 N.W.2d at 699. Lucille claimed a one-half interest in the proceeds of sale in a real estate contract she and her husband executed as sellers. We affirmed the trial court's rejection of her claim on the ground that she was not an owner of the real estate and had merely released her dower interest in it. *Estate of Wulf*, 471 N.W.2d at 852. The claim, however, affected the administration of the estate by its impact on the total asset amount for distribution, the allocation to beneficiaries, and the tax consequences. The executors' interest in the outcome of this litigation was not that of a passive bystander.

In the case at bar, there is no evidence which suggests that Simpson's motivations in defending the will were for his personal benefit rather than for the furtherance of his legal obligations. The record suggests Simpson acted reasonably and with the good faith intention of carrying out his obligations as an executor. We find that the executor met his burden of proof and the trial court did not abuse its discretion in charging the fees to the estate.

IV. Assessment of Fees Against Objector's Share in Estate

The trial court ordered that the executors' attorneys' fees be charged only against Lucille's share of the estate. The court reasoned that assessment of the fees against the balance of the estate would provide Lucille excessive settlement leverage since she could threaten to appeal and reduce Simpson's share if she was unhappy with a court's decision on her position. Lucille argues that if it is proper for the fees to be assessed against the estate, the parties sharing an interest in the residuary balance of the estate should bear the costs in proportion to their particular interests. She contends that assessment of the fees against only her portion of the estate amounts to an improper penalization by the trial court. The executors adopt as their position the reasoning of the trial court.

■ Iowa Code section 633.315 grants courts sitting in probate the authority and duty to tax costs in actions taken to contest or set aside a will. While we generally grant a trial court considerable discretion in taxing fees to estates, *Ohrt*, 516 N.W.2d at 902, we find that Lucille should not bear the burden of the entire expense occasioned by her challenge to the executors' treatment of the contract sale of real estate. Even though individuals could foreseeably threaten a frivolous action in order to improve their settlement position, imposing the entire burden of fees in instances such as that at hand "would unduly deter contestants ... from questioning the stewardship of executors and administrators through proceedings brought in good faith." *Estate of Beach*, 15 Cal.3d 623, 125 Cal.Rptr. 570, 542 P.2d 994, 1009 (1975) (en banc).

The evidence does not demonstrate that Lucille brought her challenge to the will in bad faith or with the mere intent of leveraging her settlement position. An individual who in good faith appeals a trial court decision rendered against her should not be penalized by carrying the entire burden of the associated costs. We therefore hold that the extraordinary attorney fees are properly charged to the estate, and are assessed one-third to Lucille's share and two-thirds to Simpson's share.

■ The executors also request that we deal with the issue of the appellate fees associated with this appeal at this juncture. They request that we award them $1860 and order that this entire amount be charged against Lucille's share of the estate. Ordinarily the expense of appellate attorney fees would be fixed by the trial court, as was done after Lucille's first appeal. That procedure under Iowa Rule of Probate Procedure 2(c) was proper and prompted the instant appeal. Notwithstanding, in order to prevent circular appeals, we elect to determine the award of fees on the instant appeal. The attorney fees incurred by the executor for this appeal are fixed at $1860 to be paid from estate assets, one-third from Lucille's share, two-

thirds from Simpson's share. Costs shall be paid one-third from Lucille's share and two-thirds from Simpson's share. ·

The decision of the trial court is affirmed in part and modified in part.

## AFFIRMED IN PART AND MODIFIED IN PART.

All Justices concur except CARTER and ANDREASEN, JJ., who concur specially.

CARTER, Justice (special concurrence).

I fully concur in the opinion of the court. I write separately to suggest the need for a clearer standard in deciding the propriety of litigation fees incurred by a personal representative in estate matters.

As a beginning we should recognize the benefit to the estate is an elusive element and often is not a satisfactory guide for deciding the propriety of litigation. In many instances, a personal representative's fiduciary duty requires that claimants be put to their proof irrespective of whether the benefits of that action will inure to the benefit of a *particular distributee or claimant rather than* the estate as a whole.

Secondly, in considering the propriety of litigation expenses, we should recognize that a personal representative is empowered to engage in litigation under Iowa Code section 633.81. This empowerment necessarily carries with it the right to hire counsel. If the decision to litigate is reasonable considering the fiduciary role of the personal representative, then the fact that (a) the fiduciary's litigating position favors one set of distributees over another, or (b) the fiduciary's attorney fees will disproportionately reduce the share of certain estate distributees does not ordinarily justify either a reduction of the attorney fees otherwise reasonably incurred or shifting payment of those fees from the general assets of the estate to a litigating distributee.[1]

In those instances when it is shown that a personal representative has engaged in a breach of fiduciary duty by improperly pur-

1. This shifting occurred in *In re Estate of Roggentien*, 445 N.W.2d 388 (Iowa App.1989), and, as a consequence, the lawyers were directed to look for payment from persons other than the entity that hired them. This is not a satisfactory solution.

suing litigation, the remedy of the objecting parties should ordinarily be a direct surcharge against the personal representative rather than a reduction in attorney fees that are reasonable in amount based upon the services actually performed.

ANDREASEN, J., joins this special concurrence.