**In the Matter of the ESTATE OF Mabel M. PETERSEN, Deceased.**

**Leona M. FREED and Carol A. Petersen, Executors and Heirs of the Estate of Mabel M. Petersen, Plaintiffs–Appellants,**

v.

**Leroy E. PETERSEN and Ezra J. Petersen, Defendants–Appellees.**

No. 96–0543.

Court of Appeals of Iowa.

Sept. 24, 1997.

---

Kirke C. Quinn of Quinn, Doran & Anderson, Boone, for Plaintiffs–Appellants.

Leonard R. Holland, Dayton, for Defendants–Appellees.

Heard by SACKETT, P.J., and HUITINK and STREIT, JJ.

HUITINK, Judge.

Carol Petersen and Leona Freed appeal from the district court's ruling denying their

request for attorney's fees incurred in the successful defense of a will contest. We reverse.

## I. Background Facts and Proceedings.

The record discloses the following series of events following Mabel Petersen's death on May 8, 1994. On May 9, 1994, Mabel's children, Ezra Petersen and LeRoy Petersen filed objections to the admission of Mabel's June 29, 1993 will to probate. On May 12, 1994, the district court granted Leona Freed's ex parte application for appointment as temporary administrator of Mabel's estate pending resolution of Ezra and LeRoy's objections. On May 17, 1994, Ezra and LeRoy filed a separate application for appointment of an administrator and cancellation of Leona's appointment as temporary administrator. On May 17, 1994, Leona's lawyer obtained a second ex parte order authorizing her to employ counsel to defend Mabel's 1993 will at estate expense.

On July 20, 1994, the district court issued an order resolving the dispute over temporary administration of Mabel's estate. Leona's appointment as temporary administrator and her authority to employ counsel to defend Mabel's 1993 will were revoked. First American State Bank of Fort Dodge was appointed temporary administrator.

On May 2, 1995, the district court issued an order adjudicating law points raised in Carol and Leona's motion for adjudication of law points. In this order, the court identified the issues raised in Ezra's and LeRoy's objections to Mabel's 1993 will and ordered the resulting will contest proceed to trial in November 1995. The order also named Leona and Carol as proponents of Mabel's 1993 will and LeRoy and Ezra as contestants appropriately allocating the burden of proof on the issues raised. After a three day trial in November 1995, the jury rejected LeRoy's and Ezra's claims that Mabel lacked the testamentary capacity to execute a will on June 29, 1993, or that this will was the result of undue influence. Mabel's June 29, 1993 will was admitted to probate and Leona and Carol were appointed co-executors.

Leona and Carol subsequently applied for court-ordered reimbursement by Mabel's estate of their legal fees and expenses incurred in the defense of the will contest. The district court denied their request, citing the absence of any court authorization allowing Leona or Carol to employ counsel for this purpose. The court also concluded the will contest was essentially a personal dispute among Mabel's children and no significant estate interest was advanced by their defense of Mabel's 1993 will.

On appeal Carol and Leona contend the district court abused its discretion by refusing to award attorney's fees and costs as requested. They also challenge the district court's conclusion that the will contest was a personal dispute and no estate interest was advanced by their efforts.

## II. Standard of Review.

▉ Probate proceedings concerning costs of estate administration are equitable in nature. In the Matter of the Estate of Wulf, 526 N.W.2d 154, 155–56 (Iowa 1994). Costs of administration includes attorney's fees. Iowa Code § 633.3(8)(1995). Our review is accordingly de novo. Iowa R.App. P. 4. We review the peculiar circumstances of each case to determine whether an executor "may legally obligate the estate for attorney's fees." Wulf, 526 N.W.2d at 156 (citations omitted). The allowance of attorney's fees in estate actions is left to the considerable discretion of the trial court subject to appellate review. In re Estate of Olson, 479 N.W.2d 610, 614 (Iowa App.1991) (citation omitted).

## III. Error Preservation.

Ezra and LeRoy argue Leona and Carol have not preserved the issue of attorney's fees and costs for appeal. They cite Carol's and Leona's failure to request advance authorization to incur attorney's fees prior to or during the will contest. They also cite language in the court's May 2, 1995 ruling adjudicating points of law stating "It appears that the temporary administrator is not a party to this action and the costs and fees will be born by the respective proponents and contestants."

We strongly disagree with Ezra's and LeRoy's characterization of the above language

as the dispositive ruling on Leona's and Carol's entitlement to attorney's fees. Close examination of the order and its originating motion indicates attorney fees were not an issue raised by the motion. The court's language does not expressly or by implication grant or deny attorney's fees or expenses. It is more appropriately characterized as a gratuitous observation of the temporary administrator's role in the will contest and the immediate absence of any issue regarding attorney fees or costs.

■■■ Although an action objection to probate of a will is tried as a separate law action, resolution of the will's proponents claim for attorney's fees is nevertheless resolved as part of the probate proceedings. *See* Iowa Code §§ 633.3(8), 633.198, 633.199 (costs of administration include attorney's fees and the court determines the propriety and amount of attorney's fees awarded). We hold preservation of any error resulting from the court's resolution of such a claim is accomplished by the record made in the appropriate probate proceeding and not the will contest. Because the request for reimbursement was made by appropriate application in the probate proceedings, any resulting error was preserved.

## IV.   The Merits.

■■ Iowa Code section 633.315 provides:

When any person is designated as executor in a will, or has been appointed as executor and defends or prosecutes any proceedings in good faith and with just cause, whether successful or not, that person shall be allowed out of the estate necessary expenses and disbursements, including reasonable attorney fees in such proceeding.

Executors seeking reimbursement have the "burden of proving he or she acted in good faith and with just cause in engaging in the proceedings." *Wulf,* 526 N.W.2d at 156.

■■■ We have noted that it is a better practice to obtain court authorization for attorney's fees prior to engaging the defense of a will contest. Prior authorization is, however, neither required nor is it dispositive of the question of just cause supporting an award of attorney's fees and costs. *See In re Estate of Olson,* 479 N.W.2d at 614 (citing *In re Estate of Law,* 253 Iowa 599, 602–604, 113 N.W.2d 233, 234–36 (Iowa 1962)). Moreover, we reject as inconsistent with the literal terms of section 633.315 any notion that designated as opposed to appointed executors are precluded from recouping expenditures made in defense of a will. Such a rule would allow for the effective preemption of any recovery simply by filing objections to the contested will before it is offered for probate and the nominated executors appointed.[1] It was error for the district court to conclude otherwise.

■■■ We will not grant attorney's fees and expenses at the estate's expense where the litigation narrows down to a contest of personal interests between will proponents and contestants, because just cause for incurring these expenses does not exist under such circumstances. *In re Estate of Law,* 253 Iowa 599, 113 N.W.2d 233, 235 (1962) (citations omitted). "[A] contest is generally personal if it: (1) is driven by the 'personal sentiment and desire' of the contestants; or (2) involves a personal contest between beneficiaries regarding division of a specific estate share when the size and preservation of the estate is not an issue." *Wulf,* 526 N.W.2d at 157 (citation omitted). Whether just cause exists is a question of fact. *Id.* "In order for a contest to be personal, it is not enough merely that an executor/beneficiary's share of the estate depend on the outcome of a challenge to the will. Some personal interest other than or in addition to the interest a will grants to the executor must be at issue." *Id.* If the challenged personal advantage arises from the wording of the will, the intent of the testator is implicated. *In re Estate of Ohrt,* 516 N.W.2d 896, 902 (Iowa 1994).

---

1. Iowa Code § 633.310 provides:

   Nothing herein contained shall prevent any interested person from filing objections to probate of a proposed will prior to probate thereof. If such objections are filed prior to the admission of the will to probate, the will shall not be admitted to probate pending trial and determination as to whether or not said instrument is the last will of the decedent.

In this case the only differences between this and Mabel's prior will was the size of Carol's share. Leona's share of Mabel's estate was the same under both wills. LeRoy and Ezra have not identified nor does the record disclose any other personal interest, sentiment, or desire motivating Leona and Carol's defense of the 1993 will. Although the size of Carol's share was at stake, this fact alone is insufficient to render the will contest personal. *Wulf,* 526 N.W.2d at 157.

We also disagree with the district court's determination that the will contest served no legitimate estate interest. This conclusion understates the significance of Mabel's nomination of her preferred executors. The testator has the right to appointment of the executor of his or her preference if the nominated executor is qualified to serve. Iowa Code § 633.63; *In the Matter of the Estate of Ragan,* 541 N.W.2d 859, 861 (Iowa 1995). The law also recognizes the importance of this decision to the testator by statutorily deferring to the testator's nominated executor as first in the order of preference for appointment. Iowa Code § 633.294. We, contrary to the district court's conclusion, find the estate had a substantial interest in securing appointment of the undisputedly qualified executor of Mabel's choosing and this interest was advanced by defense of her will.

As Mabel's designated executors, Leona and Carol had a duty to offer Mabel's 1993 will for probate and make reasonable efforts to sustain its validity. *Wulf,* 526 N.W.2d at 157; *In re Swanson's Estate,* 239 Iowa 294, 304, 31 N.W.2d 385, 391 (Iowa 1948); *Estate of Hayer,* 233 Iowa 1343, 1350, 11 N.W.2d 593, 597 (Iowa 1943); *McElfresh v. McElfresh,* 186 Iowa 994, 173 N.W. 259, 261 (Iowa 1919). As already noted, Carol and Leona offered and successfully defended Mabel's 1993 will. We are unable to reconcile the district court's denial of their requested reimbursement with the discharge of this duty. Because their defense of Mabel's will was made in good faith and supported by just cause, we hold they are entitled to reimbursement of reasonable and necessary attorney's fees and expenses they incurred.

The district court abused its discretion when it concluded otherwise.

Carol and Leona request $43,377.28 to reimburse them for the legal fees and expenses incurred in the will contest. Their request is supported by the required written and verified application. It is also supported by counsel's written statement of the necessity for such expenses, the responsibilities assumed and an itemization of time spent by counsel in performing the described services. *See* Iowa Code §§ 633.35, 633.197, 633.198 and Iowa R. Prob. P. 2.

Iowa Code section 633.315 provides for an award of "necessary expenses and disbursements including reasonable attorney's fees." The burden is on the executor and the attorney to establish the necessity and reasonableness of the amount requested. Iowa R. Prob. P. 2(c).

We, in the absence of any finding by the district court on this issue, are required to determine the amount of the award as part of our de novo review. After a careful review of the record, we find abundant evidence supporting the necessity and reasonableness of the expenditures claimed. Leona and Carol were represented by experienced trial counsel who charged them an hourly rate, $125, commensurate with his professional stature and experience. The nature of the factual allegations regarding Mabel's testamentary capacity and the undue influence of others necessitated an extensive investigation, discovery, trial preparation, and trial time. We accordingly award Leona and Carol $43,377.28 to reimburse them for the attorney's fees and expenses incurred in defense of Mabel's will and order the same paid from the assets of her estate.

The judgment of the district court denying the executor's request for attorney's fees and expenses is reversed and this case is remanded for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

STREIT, J., concurs.

SACKETT, J., dissents.

SACKETT, Presiding Judge, dissenting.

I dissent.   I would affirm the trial court.