# IN THE COURT OF APPEALS OF IOWA

No. 22-0353
Filed January 11, 2023

**IN THE MATTER OF THE ESTATE OF MARK D. FRIEDOW, Deceased.**

**vs.**

**ALYSSA SUNDELL, FORREST FRIEDOW and JUSTIN FRIEDOW,**
Appellants.
_____

Appeal from the Iowa District Court for Greene County, Adria Kester, Judge.

An estate's beneficiaries appeal a district court ruling which assessed the executor's court costs and fees against the estate. **AFFIRMED.**

Louis R. Hockenberg, Colin C. Smith, and Jeffrey P. Schultz of Sullivan and Ward, P.C., West Des Moines, for appellee executor.

Heather Timmins and Aaron W. Lindebak of Grefe & Sidney, PLC, Des Moines, for appellants.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Mark Friedow's last will and testament named Rita Scheiring as executor of his estate. Scheiring also was a beneficiary, as were Friedow's children—Forrest Friedow, Justin Friedow, and Alyssa Sundell.

After the estate was opened, Scheiring filed a petition for declaratory judgment to establish Friedow as her common law husband. The district court held an evidentiary hearing, then concluded Friedow and Scheiring "did not have a common law marriage." On the question of whether Sheiring was entitled to have fees and costs paid from the estate, the court concluded an assessment against the estate would "not upset the testamentary scheme." The children appealed.

Preliminarily, we address a disagreement on the appropriate standard of review. The children assert our review of the decision authorizing an assessment of fees and costs against the estate is de novo. Scheiring counters that the assessment of extraordinary fees is subject to review for an abuse of discretion.

The extraordinary-fee issue is not before us. The only issue subject to review in this appeal is whether the executor's fees and costs incurred in the declaratory judgment action could be taxed to the estate. That issue is reviewed de novo. *See In re Estate of Bockwoldt*, 814 N.W.2d 215, 221 (Iowa 2012). We proceed to the merits.

"In order for an executor to persuade a court of the propriety of charging attorney's fees to the estate, the executor carries the burden of proving he or she acted in good faith and with just cause in engaging in these proceedings." *In re Estate of Wulf*, 526 N.W.2d 154, 156 (Iowa 1994) (citations omitted). "[T]he existence of just cause is a question of fact." *Id.* at 527. The children contend

Scheiring's pursuit of the declaratory judgment action served her personal interests rather than the interests of the estate and she did not prove otherwise. We disagree.

As noted, Scheiring was a named beneficiary as well as the named executor. Her marital status directly bore on whether she would have to pay inheritance taxes on the property awarded to her. Her status was also relevant to a workers' compensation claim Friedow had filed against his employer, because if Scheiring was deemed a spouse, she might be entitled to benefits awarded in that proceeding. The children conceded as much in a district court filing, stating "determination of [the common law marriage] issue [would] have an impact on the administration of the estate." The Iowa Department of Revenue, which essentially sought to intervene in the declaratory judgment action, also conceded as much, asserting "the decedent was not the common law spouse of Rita Scheiring" and [a]s such, inheritance tax must be paid on any proceeds Ms. Scheiring receives as beneficiary of the decedent's estate and other proceeds, as determined by Iowa law." Finally, Friedow's employer weighed in, arguing there was a need to determine whether Scheiring was a common law spouse for purposes of distributing Friedow's retirement account and resolving the workers' compensation matter. In ruling on the intervention motions, the district court largely agreed with these positions. The court concluded the existence or non-existence of a common law marriage would at least be determinative of the inheritance tax and workers' compensation issues. We agree with the court's conclusion.

We recognize a contrary conclusion finding Scheiring to be a common law spouse may have inured to Sheiring's benefit by reducing or eliminating her

inheritance tax obligations and by qualifying her to receive other assets. But the fact that the declaratory judgment action implicated the size of her stake in the estate was not alone dispositive. *See In re Estate of Peterson*, 570 N.W.2d 463, 467 (Iowa Ct. App. 1997). Because resolution of the common law marriage question was a predicate to resolution of certain estate matters, we conclude Scheiring carried her burden of proving that she acted in good faith and with just cause in filing and pursuing the declaratory judgment action. We affirm the district court's assessment of costs and fees against the estate.

**AFFIRMED.**