The Estate of Carrie May BASS a/k/a Carrie M. Bass a/k/a Carrie Mae Bass, Deceased, R. L. Morgan, Administrator, R. L. Morgan, as Administrator and Attorney, Appellant,

v.

George BASS and Maude Walker as Co-conservators for Katharyne Bass, et al., Appellees.

No. 54837.

Supreme Court of Iowa.

April 13, 1972.

Ralph Powers, and Russell Jordan, Des Moines, for appellant.

Ray A. Emmert, Des Moines, for appellees.

RAWLINGS, Justice.

This appeal involves the amount of compensation to which R. L. Morgan (Morgan), attorney-executor of the estate of Carrie May Bass (decedent), is entitled for extraordinary legal services allegedly rendered estate. Morgan contends $1000, amount allowed by trial court, is inadequate. We affirm.

April 30, 1970, Carrie May Bass died testate, possessed of considerable property, including a ⅙ life estate interest in a Waukee, Iowa farm and ⅓ interest in a Clear Lake cottage. Decedent had inherited the above farm interest in 1942, receiving at that time an undivided ⅙ of the fee. Through a series of complex transfers handled by Morgan, then her personal attorney, decedent divested herself of the fee interest, retaining the instant life estate. From 1942 until her death decedent collected the entire Waukee farm income, depositing it in a specially designated trust account. Acting as trustee she each year filed a separate tax return, prepared an accounting and made disbursements to other interest holders. Decedent had a ⅓ interest in this trust. In 1959 she purchased the Clear Lake cottage with funds from the trust, explaining at the time of purchase it was to be a trust asset.

July 2, 1970, Morgan filed estate's Preliminary Inheritance Tax Return and Probate Inventory. In so doing he erroneously listed as estate assets a ⅓ interest in the Waukee farm and sole interest in the farm trust and Clear Lake cottage.

Subsequently Morgan commenced a declaratory judgment action, apparently in an attempt to correct the erroneous probate inventory. There, by an agreed decree, it was settled decedent had owned only a ⅙ interest in the Waukee farm, had been trustee of the farm account, the Clear Lake cottage was a trust asset, and dece-

dent had owned a ⅓ interest in the trust account and cottage.

September 8, 1970, Morgan filed an Amended Preliminary Inheritance Tax Return and Probate Inventory which correctly listed the assets of decedent's estate.

The same date Morgan filed application with probate court for determination and allowance of both ordinary statutory executor's and attorney's fees, and extraordinary legal fees. A schedule attached to the application, supportive of the claim for extraordinary fees, detailed 204 hours of professional services. The major part thereof related to the above mentioned declaratory judgment action.

Following the filing of a resistance by conservators of decedent's estate to the application for extraordinary fees a hearing was had in probate court. There Morgan testified regarding assets of the estate, and background of his alleged extraordinary estate services, for which he asked $5000.

October 30, 1970, probate court entered its order. Ordinary executor's and attorney's fees were fixed at $6,745.92, extraordinary legal fees at $1000. They were accordingly allowed.

Morgan appeals from the above extraordinary legal fees allowance.

I. Our review in this case is governed by The Code 1966, Section 633.33.

"Nature of proceedings in probate. Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity."

■ Attorneys' and executors' fees are included in the definition of "Costs of Administration", Code § 633.3(8), and a proceeding involving cost of administration is not one for establishment of contested claims. In re Estate of Cory, 184 N.W. 2d 693, 696–697 (Iowa). It therefore follows a hearing on allowance of attorneys' fees stands in equity, being thus reviewable de novo. Iowa R.Civ.P. 334, 344(f) (7).

II. Allowance of fiduciaries' and attorneys' compensation for services rendered in the administration of an estate is governed by statute. See Code §§ 633.197–633.204. Controlling here is Code § 633.199, which states:

"Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses or services. Necessary and extraordinary services shall be construed to also include services in connection with real estate, tax matters, and litigated matters."

■ When fees for extraordinary services are claimed, the burden is upon claimant to show both the necessity and value of the services alleged to have been so rendered. In re Estate of Cory, *supra,* 184 N.W.2d at 698; In re Estate of Lorenz, 244 Iowa 338, 342, 56 N.W.2d 884, and citations; Glynn v. Cascade State Bank, 227 Iowa 932, 937, 289 N.W. 722; In re Estate of Morgan, 225 Iowa 746, 749, 281 N.W. 346.

■ Also in that regard considerable discretion is left to trial court in the allowance or nonallowance of attorneys' fees. In re Estate of Law, 253 Iowa 599, 605, 113 N.W.2d 233; In re Trust of Larkin, 243 Iowa 322, 327, 51 N.W.2d 396, and citations.

III. Mindful of the foregoing we turn now to the record before us.

This discloses Morgan, for the most part, chronicled his legal experience, relationship with decedent, and decedent's various land transactions. He further discoursed at length regarding time spent on alleged extraordinary legal services. With respect to the instant declaratory judgment action he

**436**

explained it served to establish decedent was in fact a trustee, and extent of the trust assets. Morgan also claimed that by the declaratory adjudication he had saved the estate $9000. Notably he failed to show, (1) decedent's position as trustee was in dispute; (2) the Waukee farm or Clear Lake property interests were in such a state as to require sorting out, or (3) the action was in fact necessary. Further, he did not show what portion of the claimed $5000 extraordinary legal fee stemmed from services other than the declaratory judgment action.

IV. From the foregoing it is to us apparent claimant Morgan failed to establish either the necessity or value of the declaratory judgment action as an extraordinary service.

As trial court stated in its order fixing and allowing fees:

"The Court finds that a large portion of the itemized services attached to the Executor's claim relate to the declaratory judgment action brought by the Executor for the purpose of correcting certain mistakes made in the original inventory filed herein and that the beneficiaries of the estate should not be penalized by the errors committed by the Executor in listing the assets in the original inventory. Furthermore, it seems that the filing of an amended and corrected inventory would have accomplished everything necessary to the administration of the estate. This finding is borne out by the testimony of the Honorable H. E. Newton [presiding judge in the declaratory judgment action], who was called as a witness by the beneficiaries and expressed his opinion that the declaratory judgment action was 'an exercise in futility'. The claim filed for extraordinary services by the Executor amounts to $5,-000.00, but the Court does not feel that the reasonable value of the services performed have been shown to exceed the sum of $1,000.00, so far as the Executor is concerned. It is impossible to tell

from the itemized statement of services that a large portion thereof were actually for extra-ordinary services, and the entire proceedings does not indicate the necessity for extra-ordinary services above the amount allowed by the Court."

Upon a de novo review of the record this court hereby adopts the foregoing findings.

 We also find no basis upon which to hold trial court abused its discretion in allowing $1000 to R. L. Morgan for extraordinary services here performed.

Under existing circumstances that allowance is neither inadequate nor inequitable.

Affirmed.

All Justices concur, except MOORE, C. J., who takes no part.