In the Matter of the ESTATE of Lovell
MYERS, Deceased.

**Appeal of John D. RANDALL.**

No. 61038.

Supreme Court of Iowa.

Aug. 30, 1978.

John D. Randall, pro se, and Ronald W.
Wendt and Jon M. McCright, Cedar Rapids,
for appellant.

Thomas M. Collins, of Shuttleworth &
Ingersoll, Cedar Rapids, for appellees.

McCORMICK, Justice.

Probate orders allowing fees for an executor and its attorney are challenged by an estate beneficiary in this appeal. The orders were entered on two occasions. We dismiss the appeal from the first orders because it is untimely, and we affirm on the appeal from the second orders.

Decedent Lovell Myers died February 18, 1976, leaving a will naming his business partner John D. Randall sole beneficiary and executor of his estate. The will was filed for probate and Randall was appointed executor. Several months later decedent's daughter commenced a will contest and separately asked that Randall be removed as executor. The trial court first appointed Merchants National Bank of Cedar Rapids to act as co-executor with Randall but later removed Randall as co-executor pending the outcome of the will contest. The bank retained the Cedar Rapids law firm of Shuttleworth & Ingersoll as its attorneys.

On March 4, 1977, the bank and law firm filed separate applications for fees and expenses for the period from the bank's appointment on July 2, 1976, through January 31, 1977. The applications were set for hearing upon notice to Randall who resisted them. After hearing, the trial court, Judge

Vietor, entered orders on June 27, 1977, fixing the bank's fee at $5675 and the attorney fee at $6135.

Randall settled the will contest in July 1977. On July 22, 1977, the bank and its attorneys filed applications for fees and expenses for the period February 1, 1977, through July 6, 1977, stating their willingness to resign their positions in the estate upon payment of these fees and expenses as well as those earlier allowed. These applications were set for hearing upon notice to Randall and he resisted them. After hearing, the trial court, Judge Osmundson, on August 10, 1977, entered an order allowing a fee to the bank of $3500 and expenses of $115.80, a fee to McGladrey, Hansen, Dunn & Co., for accounting services rendered to the bank of $6875, and a fee to Shuttleworth & Ingersoll of $5570 and expenses of $142.69. This order was amended August 11, 1977, but the amendment is not material here.

Randall filed a notice of appeal on September 6, 1977, from both sets of fee orders.

I. The threshold question is whether the orders are appealable as of right.

■ An interlocutory ruling or decision is not appealable without permission. Final judgments and decisions are appealable as a matter of right, but appeal must be taken within 30 days from the entry of the order, judgment or decree involved. Rules 1, 2 and 5, Rules of Appellate Procedure. We lack jurisdiction to hear unauthorized appeals. *In re Marriage of Mantz,* 266 N.W.2d 758 (Iowa 1978).

■ Probate fee orders entered after notice and hearing are final as to parties having notice or appearing without notice. This follows from the general language of § 633.36, The Code, which provides:

All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who appeared without notice.

This provision appears first in the probate code revision of 1963, effective January 1, 1964. See Acts 60 G.A. ch. 326, § 36. The comment of the Iowa State Bar Association Committee which proposed the legislation is as follows:

New. This section provides a method whereby a final determination of a particular matter can be made by giving notice to affected parties and prevents the necessity of waiting until the hearing on the final report. All parties who appear at the hearing are bound by the proceedings whether served with notice or not. *Such orders are final orders and are appealable.* (emphasis supplied). 46 Iowa Code Annotated 62.

The chairman of the bar committee later said the drafters recognized this provision might lead to multiple appeals in a single probate proceeding:

The provision as to finality of orders with notice presents the possibility of multiple appeals in an estate proceeding where the interested parties are inclined to be litigious. But the desirability of obtaining a final adjudication of questions arising during the administration of an estate, in the opinion of the committee, outweighed the possibility of multiple appeals. Moreover, the present high cost of litigation should discourage unwarranted appeals by such persons. Webster, Decedents' Estates: Succession and Administration, 49 Iowa L.Rev. 638, 645 (1964).

See also *Colthurst v. Colthurst,* 265 N.W.2d 590 (Iowa 1978); *In re Estate of Jarvis,* 185 N.W.2d 753 (Iowa 1971).

■ This means the fee orders entered by Judge Vietor on June 27, 1977, were final and appealable as a matter of right within 30 days of that date. However, appeal from those orders was not attempted until September 6, 1977. The appeal from them was thus untimely and we have no jurisdiction of it. Accordingly, we must dismiss the appeal insofar as it challenges the orders of June 27, 1977.

The appeal is timely as to the orders of August 10 and 11, 1977. Therefore we must determine the merits of the appeal insofar as it attacks those orders.

II. The only question on the merits of the August orders is whether the executor and attorneys sustained their burden to prove the necessity of their services and the reasonableness of their charges.

Allowance of fees in probate is governed by §§ 633.197–633.200, The Code. Under these provisions personal representatives and their attorneys are to be awarded "reasonable fees as may be determined by the court for services rendered", not to exceed a schedule based on the size of the estate. In addition, reasonable allowance for "actual necessary and extraordinary expenses or services" is authorized.

When objection is interposed, as in the present case, the burden is on the applicant for fees to prove the services were reasonably necessary and the charges are reasonable in amount. *Glynn v. Cascade State Bank,* 227 Iowa 932, 289 N.W. 722 (1940); *In re Estate of Munger,* 168 Iowa 372, 150 N.W. 447 (1915); see *Estate of Bass v. Bass,* 196 N.W.2d 433, 435 (Iowa 1972). The hearing is in equity and our review is *de novo. In re Estate of Cory,* 184 N.W.2d 693 (Iowa 1971); § 633.33, The Code.

In the present case the fee applications were itemized in considerable detail and verified by the applicants. The bank showed the time attributed to each item in its statement although the attorneys did not. In each instance the fees requested were based on a charge of $50 per hour.

The accounting services of McGladrey, Hansen, Dunn & Co. had been authorized by an order of the court entered in November 1976, and this fee was based on the firm's regular charges. The bank requested in its application that the fee be paid as an expense of administration.

Testimony in behalf of the bank, the accounting firm and the attorneys was to the effect that their respective services were necessary and that the charges were fair and reasonable.

The estate included one-half interest in a corporation which owned approximately 2700 acres of farmland and other property. Randall owned the remaining one-half interest in the corporation. Estimates of value differed, but the gross assets of the estate for inheritance tax purposes may be worth more than two million dollars. Randall asserted Myers' accountings to him of corporate income had been false, and this made it necessary for the executor and attorneys to attempt to reconstruct the corporation's financial history. In doing this and in attempting to conserve the assets of the estate, handle routine probate tasks, and maintain a position of neutrality in the will contest, they were required to expend more time than probably would have been necessary in the ordinary course of estate administration.

Despite cross-examination which challenged certain items in their statements, we think the applicants carried their burden of proof and established their entitlement to the fees and expenses allowed by the trial court.

Therefore we find no merit in Randall's appeal from the orders of August 10 and 11, 1977.

APPEAL DISMISSED IN PART AND AFFIRMED IN PART.

All Justices concur except McGIVERIN, J., who takes no part.