In the Matter of the ESTATE OF
Josephine M. MABIE, Deceased.

Barbara CARNDUFF, Bradley Carnduff
and Robert Todd Carnduff, Appellants,

v.

Arvena DAHM and Edward G. Pree,
Ancillary Executors, and Gaass,
Klyn & Boehlje, Appellees.

No. 85–1007.

Supreme Court of Iowa.

Feb. 18, 1987.

Terry L. Wilson of Mick, Wilson &
Mertz, Knoxville, for appellants.

Andrew W. Klyn and Vincent S. Klyn of
Gaass, Klyn & Boehlje, Pella, for appellees.

Considered by HARRIS, P.J., and
McGIVERIN, LARSON, SCHULTZ and
WOLLE, JJ.

McGIVERIN, Justice.

Plaintiffs Barbara, Bradley and Robert
Carnduff, beneficiaries of this decedent's
estate, appeal from the trial court's order
awarding defendant Gaass, Klyn and
Boehlje, a law firm, attorney fees of $9,500
in a probate proceeding. Carnduffs assert
that the trial court erred in awarding fees
in excess of $5,736.32, the maximum fee
for ordinary services, because defendant
law firm failed to establish the necessity
for extraordinary fees as required by Iowa
Code section 633.199 (1985) and Iowa Rule
of Probate Procedure 2(c). Upon consideration
of the issue raised by this appeal, we
reverse the trial court order as to the extraordinary
attorney fee award.

I. *Background facts and proceedings.*
Josephine M. Mabie, a resident of Illinois,
died in 1984. Josephine's daughter, Barbara
Carnduff, and her grandchildren,
Bradley and Robert Carnduff, were named
as devisees under her will. An estate for
Josephine was opened in Illinois. Ancillary
estate proceedings were commenced in
Iowa because Josephine owned a farm and
a business building in the Pella area. Defendants
Edward Pree and Arvena Dahm,
who were appointed ancillary executors,
chose Andrew Klyn of Gaass, Klyn and
Boehlje as the attorney for the estate in
the Iowa ancillary proceedings. The value
of the gross assets of the Iowa estate
shown in the probate report and inventory
was $280,816.08.

On May 3, 1985, Dahm filed a petition
requesting the allowance of attorney fees
for the Illinois lawyer and Klyn in the
amount of $19,000. The petition asked for
the award of extraordinary fees by the
court but it did not separate the amount
asked for ordinary services from the
amount requested for extraordinary services.
Apparently, the total amount requested
in the petition was orally reduced to
$9,500 when it was determined the Illinois
court would set the fee for the Illinois
attorney in the principal estate in Illinois
and the Iowa court only would fix the fee
for the Iowa attorney, Klyn, in the ancillary
estate.

Following Carnduffs' written objection, the district court continued a scheduled hearing on the petition and directed attorney Klyn to comply with Iowa Rule of Probate Procedure 2 and to file an itemization of services and time rendered on the estate. On May 31 Klyn filed an eight-page itemized statement setting forth the date services were rendered, a description of the services, and the time involved. He failed to indicate the amount of his fee request. On June 7 Carnduffs filed further objections to the allowance of attorney fees, claiming Klyn had not shown the performance of any necessary and extraordinary services were required with regard to the estate.

At the June 14 hearing, Klyn offered in evidence an affidavit of another practicing attorney attesting to the reasonableness in the community of the hourly rate requested by Klyn for extraordinary services by an attorney for an estate. Carnduffs presented no evidence at the hearing. The court entered its order awarding a lump sum of $9,500 in attorney fees to Klyn without specifying the amounts fixed for ordinary and extraordinary fees.

It is from this order Carnduffs appeal. Our review of this matter is de novo. Iowa Code § 633.33; *Bass v. Bass*, 196 N.W.2d 433, 435 (Iowa 1972); *In re Estate of Bruene*, 350 N.W.2d 209, 211 (Iowa Ct. App.1984).

Defendants filed a motion to dismiss the appeal in this court pursuant to Iowa Rule of Appellate Procedure 23(a), claiming Carnduffs failed to preserve error on the issue of Klyn's compliance with probate rule 2. Carnduffs resisted defendants' motion. We ordered that the motion should be considered with the appeal. We overrule the motion because error was preserved by Carnduffs' written objections to Klyn's application for fees. We now address the merits of Carnduffs' appeal.

II. *Propriety of allowance of extraordinary attorney fees.* The sole issue raised by this appeal is whether the trial court erred in allowing extraordinary attorney fees pursuant to Iowa Code section 633.199. In our consideration, we are called upon to interpret Iowa Rule of Probate Procedure 2, which we adopted in 1979.

The award of attorney fees in probate cases is governed by Iowa Code sections 633.197 to 633.199. Under the statutory schedule for probate attorney fees, Klyn would be entitled to maximum ordinary attorney fees in the amount of $5,736.32 for his work with this estate based on the gross assets of the estate in the amount of $280,816.08, as listed in the probate inventory for Iowa inheritance tax purposes.[1] Klyn, however, also claimed extraordinary fees for his work under Iowa Code section 633.199, which states:

> Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses or services. Necessary and extraordinary services shall be construed to also include services in connection with real estate, tax matters, and litigated matters.

Upon determining that the fees requested exceeded the statutory limits set for maximum ordinary attorney fees, the district court ordered Klyn's compliance with rule 2, which states in relevant part:

> When an allowance for extraordinary expenses or services is sought pursuant to Iowa Code section 633.199, the request *shall* include a written statement showing (1) the necessity for such expenses or services, (2) the responsibilities assumed, and (3) the amount of extra time or expense involved. In appropriate cases, the statement shall also explain the importance of the matter to the estate and describe the results obtained. ... The

1.

| | | | | | |
|---|---|---|---|---|---|
| .06 | × | $ 1,000.00 | = | 60.00 | |
| .04 | × | 4,000.00 | = | 160.00 | |
| .02 | × | $\underline{275,816.08}$ | = | $\underline{5,516.32}$ | |
| | | $280,816.08 | | $5,736.32 | |

applicant shall have the burden of proving such allowance should be made.

Iowa R.Prob.P. 2(c) (emphasis added).

Carnduffs, on appeal, do not challenge the ordinary fee allowable of $5,736.32. They do argue, however, that a fee in excess of that amount is unwarranted because Klyn failed to comply with the requirements of rule 2. Specifically, they argue that the court erred in awarding extraordinary fees because Klyn did not separate out his time for extraordinary services and he did not indicate the importance of his alleged extraordinary services to the estate or the necessity warranting performance of those services.

Defendants assert that the award of extraordinary fees was well-founded. They claim Klyn met his burden of proving the performance of extraordinary services, making out a prima facie case for the award. At that point, Klyn states the probate court was within its discretion in awarding the extraordinary fees, especially when, as in this case, the objectors offered no evidence to support their objection. Additionally, Klyn argues that the fee should be based on a gross estate valuation of $328,816.08, rather than the alternative valuation of $280,816.08 which was listed in the probate inventory for inheritance tax purposes.[2]

Numerous Iowa cases have addressed the issue of whether or not an attorney is entitled to an extraordinary fee for the attorney's probate work. We have defined extraordinary services as "those which 'in character and amount [are] beyond those usually required.'" *In re Estate of Brady*, 308 N.W.2d 68, 74 (Iowa 1981) (quoting *In re Estate of Seablom*, 231 Iowa 608, 613, 1 N.W.2d 701, 703 (1942)).

Prior to the implementation of rule 2, we recognized instances in which an attorney seeking extraordinary fees filed more than a mere itemization of services. *See In re*

*Estate of Metcalf,* 227 Iowa 985, 988–89, 289 N.W. 739, 740–41 (1940); *Glynn v. Cascade State Bank,* 227 Iowa 932, 935–37, 289 N.W. 722, 723–24 (1940) (set out in an affidavit the services for which the attorney was seeking extraordinary compensation and highlighted the benefit to the estate of those actions). Several cases have also highlighted the attorney's proof of necessity for Iowa Code section 633.199 purposes. In the case of *In re Estate of Benjamin Myers,* 238 Iowa 1103, 29 N.W.2d 426 (1947), we noted that the objectors offered no evidence relating to the disputed necessity of the legal services rendered. The attorney seeking extraordinary compensation, however, showed that he had attempted to preserve assets of the estate by participating in litigation, thereby deriving a benefit for the estate. *Id.* at 1107–09, 29 N.W.2d at 428.

In *Bass v. Bass,* 196 N.W.2d 433 (Iowa 1972), we upheld the trial court's $1,000 award of extraordinary attorney fees, even though the attorney failed to show the necessity of his actions. The attorney claimed he saved the estate nearly $9,000. *Id.* at 435–36. We adopted the trial court's finding that "[i]t is impossible to tell from the itemized statement of services that a large portion thereof were actually for extraordinary services, and the entire proceedings do not indicate the necessity for extraordinary services above the amount allowed by the Court." *Id.* at 436. We nonetheless allowed the award to stand as a proper exercise of the court's discretion.

The case of *In re Estate of Lovell Myers,* 269 N.W.2d 127 (Iowa 1978), gave us another opportunity to review an attorney's request for extraordinary fees. In his application for extraordinary fees, the attorney itemized his time spent and requested a flat hourly fee. *Id.* at 129. Although the attorney did not specify the necessity for his action, the trial court awarded extraordi-

---

For schedule of allowable fees, see Iowa Code §§ 633.197 and 633.198.

**2.** We find no merit in this argument because Iowa Code § 633.197 clearly states the ordinary fee is based on a percentage of the "gross assets of the estate listed in the probate inventory for

Iowa inheritance tax purposes." A death tax savings to the estate, however, could be appropriately mentioned in the written statement required under Iowa Rule of Probate Procedure 2(c) in an effort to support an application for extraordinary fees.

nary fees, which we upheld, based on its review of the size of the estate and the services performed to represent the estate. *Id.*

Recognizing that the Iowa courts and attorneys were not clear on the required showing of necessity in requests for extraordinary fees, we adopted rule 2 in 1979 to specifically address the problem. We contemplated its implementation would promote more informed fee decisions by the trial courts by requiring attorneys to clearly lay out the services for which extra compensation was sought. Rule 2 requires an attorney seeking extraordinary fees to inform the court of the necessity of the extra services, the time involved for these matters and the responsibilities assumed in performing extra services. This in turn allows the court to make an informed decision regarding the necessity and value of the attorney's claimed extra services to the estate. The rule also states that "in appropriate cases" the attorney shall explain in the written statement the importance of the services to the estate and the result obtained, or, more succinctly stated, the benefit to the estate of the extra service.

On the record of this case, the district court impliedly awarded extraordinary attorney fees of $3,803.68, or the difference between the $9,500 lump sum awarded and the maximum fee for ordinary services of $5,736.32. The record consisted merely of an itemization of services rendered and an affidavit as to the reasonableness of the fee requested. Klyn did not specify the amount requested for extraordinary fees in his itemization or in the petition for fees.[3] He did not specify the amount of extra time spent on the case, nor the necessity therefor. The statement contemplated by rule 2 and ordered by the district court was never filed. The court received minimal documentation from Klyn and no evidence from the objectors bearing on the propriety of an award of extraordinary attorney fees in this case. Klyn, however, had the burden of proof to justify allowance of the

extraordinary attorney fee. Iowa R.Prob.P. 2(c).

It is apparent from our de novo review of the record that there may have been grounds to consider an award of extraordinary attorney fees in this action. The itemization of time spent showed some references relating to tax and real estate work that might be extraordinary services to be considered under Iowa Code section 633.-199. It was not clear, however, why extraordinary compensation should be allowed and on what basis. It is not the role of this court or the district court to divine those services that are extraordinary from an attorney's itemization of services. Rule 2 clearly requires a written statement, to assist the court and make a better record, in addition to the itemization. When an attorney seeks extra compensation for tax, litigation, real estate or other matters in a probate proceeding, the attorney *must* file a statement that complies with rule 2.

On this record, we conclude that Klyn has not even substantially complied with rule 2. No written statement was submitted to the court by Klyn relating the extra services performed or the necessity therefor. Our de novo review of the issue leads us to the conclusion that Klyn has not met his burden of proving the necessity for the services for which he seeks extraordinary fees by the filing of a mere itemization of all services performed for the estate.

We conclude that there was an inadequate record before the district court on which to base this award of extraordinary attorney fees and we set that award aside; therefore, we limit defendant law firm's fee to $5,736.32 for ordinary services performed.

REVERSED.

---

**3.** A specification of the amount of extraordinary attorney fees requested is required in the notice sent to interested parties, and arguably it also should be included in the request to the court. *See In re Estate of Young,* 333 N.W.2d 845,

846–47 (Iowa 1983); Iowa R.Prob.P. 2(c) (Request for extraordinary fees "shall be set for hearing upon reasonable notice, specifying the amounts claimed...").