**In the Matter of the ESTATE OF Melba N. MARTIN, Deceased.**

**Doyle D. Sanders, Individually, and as Attorney for Executor, Bankers Trust Company, N.A., Appellant.**

No. 04–0305.

Supreme Court of Iowa.

March 3, 2006.

Michael A. Wunn and Doyle D. Sanders of Beving, Swanson & Forrest, P.C., Des Moines, and Steven W. Hendricks of Kersten Brownlee Hendricks, LLP, Fort Dodge, for appellant.

C. Kevin McCrindle, Waterloo, and Paul P. Morf, Cedar Rapids, for amicus curiae Iowa State Bar Association.

Thomas J. Miller, Attorney General, and Valencia Voyd McCown, Assistant Attorney General, for amicus curiae Iowa Department of Revenue and Finance.

Everett H. Albers, Des Moines, for Blake Nex.

CARTER, Justice.

■ Doyle B. Sanders, the attorney for the executor of the estate of Melba N. Martin, appeals from an order setting the maximum attorney fee that could be allowed the attorneys for the executor. Although the maximum fee for the executor, Bankers Trust Co., was calculated on the same basis, the executor has chosen not to appeal the determination of its fee.[1]

The executor takes no position on the merits of Sanders' appeal. The Iowa Department of Revenue and Finance (IDRF) has filed an amicus brief that favors upholding the district court's fee order.[2] The Iowa State Bar Association has filed an amicus brief urging reversal of that order. After reviewing the record and considering the arguments presented, we conclude that the district court erred in computing the maximum attorney fee payable to the executor's attorneys. We reverse the order challenged on appeal and remand the case to the district court for a revised fee order consistent with this opinion.

The inventory in the estate was filed on October 22, 2003. On November 17, 2003, attorney Sanders appeared before the associate probate judge for an order setting fees for the executor and the executor's attorneys. At this time, the recapitulation summary contained in the inventory showed a gross estate value of $747,594, which included 401k retirement annuities valued at $521,389 and payable to a designated beneficiary.

Based on the values shown in the inventory recapitulation, the associate probate judge fixed the maximum attorney fee for

---

1. Under Iowa law, attorneys are entitled to present fee claims to the probate court in their own right and need not rely on the personal representative to claim the fee on their behalf. *In re Estate of Leighton*, 210 Iowa 913, 915–16, 224 N.W. 543, 545 (1929). In the original fee order entered in the district court, a small portion of the attorney fee was allocated to California attorney Janie Beach; however, the amended fee order from which this appeal is taken only fixes a single attorney fee for the executor's attorneys. We conclude that attorney Sanders has standing to challenge the district court's fee order on behalf of those attorneys entitled to share in the fee and is attempting to do so.

2. The validity of IDRF's adjudication of the attorney-fee deduction is not before us, as any challenge to that determination would have to be brought as a review of administrative action under Iowa Code chapter 17A.

the executor's attorney at $15,072.[3] The court also examined time sheets presented by the attorney and concluded that the maximum fee should be the fee allowed. A similar fee was allowed to the executor.

When IDRF reviewed the Iowa inheritance tax return filed by the executor, it concluded that a substantial portion of the retirement annuities owned by the decedent and payable to a designated beneficiary on death were not subject to the inheritance tax. The annuities not subject to tax were those providing for installment payments to beneficiaries upon the decedent's death that would be subject to income taxation. The value of these annuities was approximately $537,500. As a result of its conclusion that a large portion of the value attributed to the annuities is not subject to inheritance tax, IDRF determined that the deduction for attorney fees claimed by the executor should be reduced. IDRF recomputed the allowable attorney-fee deduction by computing the maximum fee allowed under Iowa Code sections 633.197 and 633.198 (2001), without consideration of the value of the retirement annuities not subject to inheritance tax.

IDRF subsequently advised the associate probate judge of the action it had taken with respect to the deduction claimed for the executor's attorney fees. Upon receipt of that information, the associate probate judge revised its fee order of November 17, 2003, and recomputed the maximum fee for both the executor and the executor's counsel based on the maximum fee that would have been allowable under sections 633.197 and 633.198 if the value of the retirement annuities not subject to inheritance tax was not considered in the fee calculation. This ruling resulted in both the executor and its counsel receiving approximately one-third of the fee originally approved by the court. Only the executor's counsel has appealed from this ruling.

## I. Scope of Review.

■■■■ Factual issues in appeals from probate fee orders are reviewed de novo under Iowa Code section 633.33. *Bass v. Bass,* 196 N.W.2d 433, 435 (Iowa 1972); *In re Estate of Cory,* 184 N.W.2d 693, 696–97 (Iowa 1971). In interpreting the controlling statutory law pertaining to the allowance of attorney fees, we review the district court's ruling to determine whether its interpretation is in accord with ours. *In re Estate of Engelkes,* 256 Iowa 213, 218–19, 127 N.W.2d 111, 114 (1964).

## II. The Probate Court's Ruling.

In fixing the maximum attorney fee allowable under sections 633.197 and 633.198, the associate probate judge concluded that, in determining the maximum fee for an executor or attorney, that fee is limited by a percentage of the value of "those assets taxable for Iowa inheritance tax." The statutory provision that the court applied to reduce the fee previously approved was the following:

> The tax imposed by this chapter shall not be collected:
>
> . . . .
>
> 5. On the value of that portion of installment payments which will be includable as net income as defined in

---

**3.** In an amended inventory filed after the original fee order and in the Iowa inheritance tax return filed by the estate, the estate's gross value is shown to be $778,944, including annuities valued at $575,139. Obviously, the original fee order was based on the lower values contained in the original inventory. We are not entirely certain, however, which values were used in the amended fee order that is the subject of this appeal. Because the case is being remanded, the correct values can be settled by the district court when it revises its fee order pursuant to our directions.

section 422.7 as received by a beneficiary under an annuity which was purchased under an employee[']s pension or retirement plan.

Iowa Code § 450.4(5). This was the statute relied on by IDRF in exempting retirement annuities valued at $537,500 from inheritance tax.

### III. *The Issue on Appeal.*

■ This appeal requires a search for the meaning of the words "the gross assets of the estate listed in the probate inventory for Iowa inheritance tax purposes," contained in Iowa Code section 633.197. That statute provides:

Personal representatives shall be allowed such reasonable fees as may be determined by the court for services rendered, but not in excess of the following commissions upon *the gross assets of the estate listed in the probate inventory for Iowa inheritance tax purposes,* which shall be received as full compensation for all ordinary services:

For the first one thousand dollars, six percent;

For the overplus between one and five thousand dollars, four percent;

For all sums over five thousand dollars, two percent[;]

For purposes of this section, the gross assets of the estate shall not include life

insurance proceeds, unless payable to the decedent's estate.

Iowa Code § 633.197 (emphasis added). This statute, which applies to personal representatives, is also the measure of the maximum fee that may be allowed an attorney for the personal representative. Iowa Code § 633.198. The application of Iowa Code sections 633.197 and 633.198 in the computation of the maximum fees to be allowed was considered by us in *In re Estate of Lynch,* 491 N.W.2d 157 (Iowa 1992). In that case, we stated:

The maximum fee is calculated by applying the statutory schedule of fees to the gross assets of the estate as listed in the probate inventory for Iowa inheritance tax purposes. The gross assets of the estate listed in the probate inventory for inheritance tax purposes *include all property passing by any method of transfer specified in Iowa Code section 450.3,* without reduction for the liabilities specified in Iowa Code section 450.12.

*Lynch,* 491 N.W.2d at 159 (emphasis added).[4] In *Lynch* we were concerned with whether property passing to remaindermen of a trust created under the will of the decedent's spouse should be considered to be property passing under any of the methods of transfer specified in Iowa Code section 450.3. Based on the determination that IDRF had made in that case, we concluded that it did not.[5]

---

4. In our *Lynch* decision, we referred to the special treatment provided in rule 7.2(2) of our probate rules for life insurance payable to a named beneficiary and joint tenancy property. The joint tenancy matter involves an issue of valuation, rather than an issue of exclusion from the gross estate. The provision in the probate rule excluding life insurance payable to a named beneficiary from the base for calculating the maximum executor fee or attorney fee appears to have been unwarranted prior to July 1, 1994, based on the broad definition of gross estate adopted in *Lynch* and approved in the present case.

However, after July 1, 1994, the exclusion of life insurance payable to a named beneficiary is mandated by Iowa Code section 633.197 as amended by 1994 Iowa Acts chapter 1153, section 8; *see also* Iowa Code § 633.5.

5. In allowing a refund of inheritance tax previously paid by the beneficiaries in *Lynch,* IDRF concluded:

"The issue is whether or not Kathryn C. Lynch 'possessed' the power of appointment on her death (or exercised it within the three years prior to her death) such that the corpus would pass via her estate either

We are unable to discern any intimation in the *Lynch* decision that the gross assets of the estate that might be considered in calculating the maximum fee for the personal representative and attorney are limited to assets that actually generate a tax. We expressly stated that all property passing by any method of transfer specified in Iowa Code section 450.3 was to be considered for fee-calculation purposes. At this time, the administrative regulation defining gross estate for inheritance-tax purposes similarly included all property passing by any method of transfer specified in Iowa Code section 450.3. *See* Iowa Admin. Code r. 701—86.1(1)(*g* ) (1990). The present definition of "gross estate" in IDRF's administrative regulations mirrors that which existed in the 1990 regulation.[6]

There is no dispute that the retirement annuities excluded by the probate court in calculating the maximum attorney fee were property passing by a method of transfer specified in subparagraph (3) of Iowa Code section 450.3.[7] As such, they fall within the agency's own definition of gross estate contained in Iowa Administrative Code rule 701—86.1(1). Although another administrative regulation indicates that annuities qualifying for an exemption under Iowa Code section 450.4(5) are exempt from the inheritance tax, *see* Iowa Admin. Code r. 701—86.5(12), that regulation in no way declares that the exempted property is not part of the gross estate for Iowa inheritance tax purposes.

In describing another exemption contained in the Code, the legislature has stated that property passing to parents, grandparents, great-grandparents and other lineal descendants is exempt from tax "[i]n computing the tax on the net estate." Iowa Code § 450.9. If an item is exempted from tax on the net estate, it must have been part of the gross estate. We think this principle applies equally to the exemptions contained in section 450.4. We note that some property passing under the decedent's will in the present case was bequeathed for a charitable, educational, or religious purpose and was exempted by IDRF in the calculation of the inheritance tax pursuant to Iowa Code section 450.4(2). Notwithstanding that fact, IDRF did not contend that this property was not part of the gross estate for purposes of computing maximum allowable fees for the personal representative or attorney.

■ Although we have discussed administrative regulations of IDRF that, in our

---

by will or by intestate succession. In the very narrow and unique circumstances of this case, the Department concludes she did not 'possess' the power at death because: (1) no inter vivos transfer was attempted within the three years prior to her death; (2) her will did not act as an exercise of the power; (3) Donald's will did provide for contingent remaindermen in the case of non-exercise of the power; and (4) the corpus was not received by remaindermen under Kathryn's will or from Kathryn through the laws of intestate succession. These remaindermen received through Donald's will alone...."

*Lynch,* 491 N.W.2d at 158–59 (citations omitted).

**6.** The current regulation provides:

*"Gross estate"* as used for inheritance tax purposes as defined in Iowa Code section 450.2 includes all those items, or interests in property, passing by any method of transfer specified in Iowa Code section 450.3 without reduction for liabilities specified in Iowa Code section 450.12.

Iowa Admin. Code r. 701—86.1(1).

**7.** That statute provides:

The tax hereby imposed shall be collected upon the net market value ... of any property passing as follows:

. . . .

3. By deed, grant, sale, gift or transfer made or intended to take effect in possession or enjoyment after the death of the grantor or donor.

Iowa Code § 450.3.

view, demonstrate that the agency's definition of gross estate for inheritance-tax purposes does not materially vary from the definition adopted by this court in *Lynch* for fee-calculation purposes, that conclusion is not essential to our decision. IDRF is not entrusted with the responsibility of determining the correct application of section 633.197. It could alter its definition of gross estate for purposes of administering the revenue laws without affecting our determination of the assets to be included in the calculation of probate fees. Nor would legislative amendments of the revenue provisions that do not make reference to the fee situation necessarily alter our view of the correct base for calculating the maximum fees under sections 633.197 and 633.198.

We are confident that it was the intent of the legislature in enacting section 633.197 that the gross estate listed in the probate inventory for Iowa inheritance-tax purposes include all property passing under the methods of transfer set forth in section 450.3 without regard to whether the included property is subject to the inheritance tax. At the time section 633.197 was enacted, property of the type at issue in the present case was includable under section 450.3(3) (1958), and this has not changed in subsequent versions of the statute. The legislature has shown that, if it wishes to exclude for fee-calculation purposes a type of transfer otherwise included under section 450.3, it will do so by specific legislation that speaks to the matter of the fee. *See* Iowa Code § 633.197 (gross assets used for fee calculation shall not include life insurance proceeds unless payable to decedent's estate).

In sum, we hold in the present case that the retirement annuities not subject to inheritance tax were nonetheless includable in the gross assets to be considered in the calculation of the maximum fees payable under sections 633.197 and 633.198. The district court's order excluding those assets from the fee calculation is reversed. The case is remanded to that court for entry of a revised fee order consistent with this opinion.

**REVERSED AND REMANDED.**