**IN THE COURT OF APPEALS OF IOWA**

No. 19-0054
Filed January 9, 2020

**IN THE MATTER OF THE ESTATE OF ROBERT EARL SIEFKAS, Deceased.**

**MICHAEL SIEFKAS,**
    Appellant.

_____

        Appeal from the Iowa District Court for Clarke County, John D. Lloyd, Judge.


        A beneficiary appeals the district court's order in an estate proceeding.

**AFFIRMED AS MODIFIED.**



        Peter M. Sand, Des Moines, for appellant.

        Richard O. McConville of Coppola, McConville, Carroll, Hockenberg
& Flynn, P.C., West Des Moines, for appellee.



        Heard by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**MULLINS, Judge.**

Michael Siefkas appeals a district court order in a proceeding concerning his father's estate. Michael argues the district court erred in determining a jointly-held account should be listed on the estate inventory and was subject to attorney fees. He also argues the jointly-held account was not an estate asset.

## I.    Background Facts and Proceedings

Robert Siefkas passed away in September 2017. His spouse preceded him in death. Robert left four sons, William, Steven,[1] Robert J. (Jim), and Michael. Robert left a duly executed will that was submitted to probate by attorney Richard Murphy in October 2017. Robert's estate included real property and various items of personal property. Robert also had three bank accounts held jointly with his sons. One checking account, ending 5094, was held jointly with Michael. Michael said discussions with Robert indicated the 5094 account was a "business account" linked to a home being rented by Jim. Another checking account, ending 1511, was held jointly with Steven. Michael indicated the 1511 account was similarly linked to the home being rented by Steven. A third checking account, ending 3324, contained more than $190,000 and was held jointly with Steven and Michael. Nearly six months after Robert's death, Steven and Michael evenly split the remainder of the 3324 account. In February 2018, the inventory form was filed with the court, which included all three checking accounts as jointly-held interests of the deceased. Michael questioned the inclusion of account 3324 on the inventory and complained Murphy did not answer his questions.

---

[1] Steven passed away in July 2018. He is survived by two children.

Jim petitioned to have Michael replaced as the executor. Following a hearing in August 2018, William was appointed to replace Michael as executor of the estate. Michael then moved for approval of an executor's fee and to correct the inventory by removing account 3324. Following a hearing in November, the district court found account 3324 was properly included on the inventory form and included the account in analyzing a reasonable fee for Michael's services as the executor until he was removed. Michael filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), asking the court to, among other things, clarify whether account 3324 was an estate asset. The motion was denied. Michael appeals.

## II.    Analysis

Michael makes three arguments on appeal. First, Michael argues the district court erred in finding account 3324 should be included on the probate inventory form. Second, Michael argues the district court erred in finding account 3324 was subject to attorney fees. Third, Michael argues account 3324 is not an estate asset. Also, in Michael's reply brief, he asks this court to disregard eighty-five pages of a transcript from a hearing not on appeal. Those pages are not relevant to the issues on appeal and we do not consider them.

Because the estate asset issue is distinguishable from the inventory and attorney fee issues, we begin with a discussion of estate assets. Michael argues account 3324 should not be considered an estate asset. Although the court found account 3324 should be listed on the inventory form, the court denied the 1.904(2) motion and declined to rule on the question of whether the account was an estate asset. Specific types of probate proceedings are statutorily deemed "law actions,"

including "[a]ctions to set aside or contest wills . . . and for the establishment of contested claims." Iowa Code § 633.33 (2017). A challenge to the contents of a decedent's gross estate is not explicitly included in the statutory language. *See id.* The estate argues the issue should be framed as a contested claim, rendering this a law action pursuant to section 633.33. Michael has not appealed the district court's decision concerning his fee claim. His only claims on appeal relate to matters of administration, which are in equity and reviewed de novo. *In re Estate of Cory*, 184 N.W.2d 693, 696–97 (Iowa 1971).

Probate assets are property items belonging to a decedent that are "subject to administration by a personal representative." Iowa Code § 633.3(31). However, certain types of property transfer ownership outside of probate proceedings. *See* Iowa Code § 633.5 (stating life insurance proceeds are not estate property unless made payable to a decedent's estate); *In re Estate of Roehlke*, 231 N.W.2d 26, 28 (Iowa 1975) (holding accounts held in joint tenancy between decedent and her sisters were not estate assets).

In distinguishing statutory language between Medicaid recovery statutes and property law, our supreme court has examined the ownership of joint tenancy property "at the time of [a decedent's] death." *In re Tr. of Barkema*, 690 N.W.2d 50, 56 (Iowa 2004). For the purposes of Medicaid statues, "at the time of death" means "a point in time immediately before death." *Id.* However, for the purposes of property law, "joint tenancy property passes by operation of law to the other joint tenant when one joint tenant dies." *Id.* "Property held in joint tenancy is not devisable by the will. It is not a part of the estate." *In re Estate of Kiel*, 357 N.W.2d 628, 631 (Iowa 1984).

Our supreme court's opinion in *In re Estate of Roehlke* is instructive. The *Roehlke* court explained, "when a bank account in two names is expressly made payable to either or to the survivor, a joint tenancy exists." 231 N.W.2d at 28. There is no special language required to create a joint tenancy. *Id.* A court must examine the situation to determine "whether the person establishing the account intentionally and intelligently created a condition embracing the elements of joint ownership and survivorship. The substance of the transaction controls." *Id.* Factors to consider include the signature of a beneficiary depositor on account documents; a beneficiary depositor's knowledge of the account; possession of a passbook; or allegations of fraud, duress, mistake, or confidential relationship. *See id.*; *In re Estate of Martin*, 155 N.W.2d 401, 405–06 (Iowa 1968).

Here, Michael testified that he and his brother Steven were the co-owners of account 3324 with Robert. He also testified that, upon his father's passing, account 3324 passed to the possession of the survivors, Michael and Steven. Michael also submitted a copy of the document creating account 3324. The document lists the ownership of the account as "Joint (Right of Survivorship.)" The document lists Robert, Steven, and Michael as "Authorized Individuals." The document is not signed, but absence of signatures may not be dispositive. *See Roehlke*, 231 N.W.2d at 28; *Martin*, 155 N.W.2d at 405–06. There have been no allegations of Michael or Steven engaging in fraud, duress, or a confidential relationship with Robert in the creation or control of account 3324. Nor has there been any argument the account was created as the result of a mistake.

Based on the factors described above, it is clear the account was held in joint tenancy and was not an estate asset. *See Kiel*, 357 N.W.2d at 631; *Roehlke*,

231 N.W.2d at 28; *Martin*, 155 N.W.2d at 405–06. Because ownership of account 3324 passed automatically, by operation of law, at the time of Robert's death, it immediately became the property of Michael and Steven. *See Barkema*, 690 N.W.2d at 56.

However, estate assets for tax and probate purposes are not identical. Iowa Admin. Code r. 701-86.1. "[P]roperty owned as joint tenants with right of survivorship . . . [is] not part of the decedent's probate estate, but [is] includable in the decedent's gross estate for inheritance tax purposes." *Id.* Accordingly, because a jointly-held account is considered a part of the gross estate for inheritance tax purposes, it must be listed on the inventory form. *See* Iowa Code § 633.361(12). In this case, the court's order denying the 1.904(2) motion was correct.

We now turn to Michael's argument the account should not be includable in determining the executor's attorney fee.[2] The district court did not squarely answer that question, even after Michael's Rule 1.904(2) motion. On our de novo review, we choose to resolve the issue because it is likely to present itself again in the ongoing estate proceeding.

A reasonable attorney fee may be awarded to an attorney and to a personal representative for services rendered for administration of an estate. Iowa Code §§ 633.197–.198. The maximum fee for each is governed by the same schedule used to calculate compensation paid to a personal representative. *Id.* §§ 633.197–.198. The fees are calculated based on the total value of "the gross assets of the

---

[2] The district court did not rule on attorney fees, but Michael raised the issue and then preserved the failure to rule in his 1.904(2) motion.

estate listed in the probate inventory." *See id.* §§ 633.197, .198. Our supreme court's discussion in *In re Estate of Martin*, 710 N.W.2d 536, 540–41 (Iowa 2006), controls in this case. "We are confident that it was the intent of the legislature in enacting section 633.197 that the gross estate listed in the probate inventory for Iowa inheritance-tax purposes include all property passing under the methods of transfer set forth in section 450.3 . . . ." *Martin*, 710 N.W.2d at 541. The *Martin* court found the same rule applied to an award of attorney fees. *Id.* Jointly-held accounts are subject to inheritance taxes pursuant to section 450.3(5). The jointly-held account should be included in the calculation of the maximum fees allowable to both the executor and attorney for the estate, but we offer no opinion as to how much should be allowed by the court as reasonable fees. We modify the district court's ruling accordingly.

## III. Conclusion

We find account 3324 was not an estate asset, but it should have been included on the inventory and is subject to attorney fees. We affirm the district court order as modified.

**AFFIRMED AS MODIFIED.**